## BANKSTON et al. v. FAGAN.
### No. 1423.

Court of Civil Appeals of Texas. Waco.

Oct. 19, 1933.

Bowers & Bowers, of Caldwell, for appellants.

Alexander & Alexander, of Caldwell, for appellee.

ALEXANDER, Justice.

On April 18, 1932, J. M. Fagan filed this suit against George E. Bankston and Bowers & Bowers in trespass to try title to recover sixty-two acres of land in Burleson county. The real contest was between Fagan and Bankston. Bowers & Bowers merely held an assignment of an interest in the land from Bankston which was given to them in January, 1932, as an attorney's fee for defending this suit and removing cloud from the title. At the conclusion of the evidence, the trial court gave an instructed verdict for the plaintiff for title and possession of the land. The defendants appealed.

Upon the trial of the case, both parties introduced conveyances to themselves, respectively, to the land, but neither deraigned title from the sovereignty of the soil. Both parties asserted prior possession of the land, and claimed title by virtue of the five and ten year statutes of limitation (Rev. St. 1925, arts. 5509, 5510). The plaintiff claimed under a deed which had been duly recorded since 1915. He has paid the taxes regularly since said date. He testified that he rented the land to the defendant Bankston for the year 1924, and that said defendant paid rent on the land regularly after said date until the year 1931. Bankston admitted renting the land from Fagan for the year 1924 and that he paid rent for that year, but could not say whether he paid any rent for the succeeding years. Bankston, after renting the land, continued in possession thereof, and never repudiated Fagan's title nor brought home to him a claim of adverse possession until the year 1931. He did not claim to have acquired any title to said land subsequent to the time when he rented same from Fagan, except by adverse possession.

■ It is a well-settled proposition of law in Texas that one who has rented land from another and has attorned to him as his landlord cannot dispute the title of such landlord, nor start the running of the statute of limitation in his own behalf until he has repudiated or disaffirmed his landlord's title and brought home to the landlord notice of such repudiation. 35 C. J. 1249; 2 Tex. Jur. 136; Tyler v. Davis, 61 Tex. 674; Casey v. Hanrick, 69 Tex. 44, 6 S. W. 405; Buford v. Wasson, 49 Tex. Civ. App. 454, 109 S. W. 275; Robinson v. Bazoon, 79 Tex. 524, 15 S. W. 585; Gilbert v. Gum (Tex. Civ. App.) 265 S. W. 725; Southwestern Settlement & Development Co. v. Gunter (Tex. Civ. App.) 264 S. W. 238.

■ It is equally well settled that, in an action of trespass to try title, where the plaintiff shows priority of possession of the land involved, and no title is found in the defendant, the plaintiff, by virtue of such possession, is entitled to judgment. Payton

v. Loustalott (Tex. Com. App.) 53 S.W.(2d) 1012, par. 2 and cases there cited; Lockett v. Glenn (Tex. Sup.) 65 S. W. 482.

██ Bankston, by renting the land from Fagan in 1924, thereby admitted Fagan's prior possession and superior title, and estopped himself to assert any previously acquired title to the land. If he now has any right to recover said land, it must be by virtue of a title acquired subsequent to said date. He does not claim to have received any subsequent conveyance, and must therefore rely on adverse possession. In order to establish title by adverse possession, it was necessary for him to show that subsequent to the making of the rental contract, he had repudiated Fagan's title and held possession adversely to him for the statutory period. This he failed to show. The court did not err in giving an instructed verdict for plaintiff.

The judgment of the trial court is affirmed.