## WILSON v. WEST.

### No. 10845.

Court of Civil Appeals of Texas. San Antonio.

March 19, 1941.

Rehearing Denied April 16, 1941.

L. J. Wardlaw, of Fort Worth, and Boggess & Lowrey, of Del Rio, for appellant.

Jones & Jones, of Del Rio, Davidson & Smith, of Ozona, R. G. Hughes and D. B. Hardeman, both of San Angelo, and A. Morales, Jr., of Del Rio, for appellee.

SMITH, Chief Justice.

Appellant, Wilson, and appellee, West, will be referred to as plaintiff and defendant, respectively, as in the court below.

Plaintiff brought the suit in the form of an action in trespass to try title to recover a strip of land out of the east side of Surveys 119, 120, 121½ and 122, in certain grants in Val Verde County. From an adverse judgment, based on a directed verdict for West, Wilson has appealed.

■ Prior to the trial, the attorneys for the respective parties entered into written stipulation of facts concerning the title to certain lands which embraced the strip in dispute. Those stipulations were put in evidence without objection. In addition, plaintiff himself testified at great length in support of his claim of title, by limitation, and also offered in evidence a certificate of the Commissioner of the General Land Office of the State, from the records of his office, which, if given effect, would have let in plaintiff's claim of limitation title, under the ten-year statute, if otherwise established by proof of appropriate possession. The trial judge excluded this certificate on the objection that the facts recited therein were in partial conflict with the agreed stipulations, which they were. At the conclusion of the evidence, the trial judge directed a verdict for defendant, as stated.

Defendant has presented his appeal upon two briefed assignments of error. It is first contended that the court erred in excluding the certificate of the Commissioner of the General Land Office, which included recitations that the east one-half of Survey 119, and Surveys 120 and 122, were "bought and fully paid for on the application of Elsey Smith, filed in the General Land Office on the 9th of June, 1906, under the laws regulating the Sale of Public Free School Land." This recitation of fact was in conflict with the stipulation of facts agreed to by the parties and already in evidence without objection, that those three surveys were patented by the State in November, 1929, and "that all of said * * * tracts of land

* * * were, prior to the date of the patents thereto, common school lands belonging to the Common School Fund of the State of Texas." The certificate was rejected because of that conceded conflict. Obviously, it was not admissible unless and until the contrary stipulation was nullified by consent or order of court. Plaintiff did not claim surprise at this denouement, or seek relief from the stipulation. The trial judge therefore had no alternative in that situation but to exclude the certificate, as he did. Plaintiff's first assignment of error and the proposition thereunder must be overruled.

We copy plaintiff's second assignment of error, as set out in his brief: "An instructed verdict against the plaintiff in favor of defendant was given because of an agreement that had been made between the respective attorneys for the parties, which was introduced in evidence. The amended motion for new trial sets forth certain grounds and reasons why plaintiff should have been relieved from that agreement and a new trial granted so that upon another trial the plaintiff would have been freed from the agreement. The court abused his discretion in not granting the new trial for the reasons and upon the grounds set forth, and this abuse of discretion is assigned as error. (Fourth ground of amended motion for new trial, Tr. 11–27.)"

By reference to the transcript, we find that the fourth ground of plaintiff's amended motion for new trial is eighteen pages long and includes a full statement of the evidence, both parol and documentary, taken upon the hearing of the amended motion. But plaintiff is restricted to the assignment of error copied into his brief, which is obviously too general and indefinite to constitute an assignment of error under the statutes and rules. Nevertheless, we have very carefully examined the whole record and have reached the firm conclusion that the trial judge did not abuse his discretion in refusing to grant a new trial in order to afford an opportunity to plaintiff to move for relief from the agreements made in his behalf by his counsel and given effect upon the trial of the case. It is not deemed necessary to set out in this opinion the agreement of which plaintiff now complains. It ought to be sufficient to say that plaintiff concedes that the stipulations in that agreement, when analyzed, constituted

admissions of fact which, when given effect, entitled defendant to judgment for the land for which plaintiff brought and prosecuted the suit.

The stipulations were deliberately entered into in a written agreement of counsel made nearly two years before this trial. Counsel for plaintiff retained a copy of the agreement, with unhampered access thereto all the while and through two trials of the cause to which it related; they sought no relief from the agreement after fully realizing, before announcing ready and entering into the final trial, its disastrous effect upon their client's case; they made no objection to and asked for no relief from its then fully known deadly effects when it was finally put in evidence by their adversaries; and they continued to acquiesce, by silence and with full knowledge, until long after it was given effect in an adverse judgment. Plaintiff complained of the agreement, and sought relief therefrom for the first time in his amended motion for new trial, filed December 13, 1939, final judgment having been rendered on November 27th.

In the hearing of his motion for new trial plaintiff alleged, and he and his counsel testified, that he had not authorized his counsel to make said agreement. But the fact remains, nevertheless, that plaintiff himself was present throughout the trial and testified thereat in great detail; he heard the stipulations read and discussed and their true import repeatedly stated; he saw his and adverse counsel trace on a wall map the field notes and boundaries which embraced the strip within defendant's lands, showing them to belong to defendant, and in fact then learned about the agreement and its effect on his case, but did not complain or ask his counsel or the court for relief therefrom.

The only question remaining, then, is, Will an appellate court in the face of such record overturn the deliberate judgment of a fair and impartial and courageous trial judge, arrived at in the exercise of a sound discretion, with a first-hand view of the entire transaction and parties and witnesses?

We must decline to hold that the trial judge abused his discretion in failing to interfere and upon his own motion reject the stipulation of facts to which counsel for both parties agreed and none objected, and from which the prejudiced party sought

no relief, when introduced by the other, or until long after final judgment had been rendered giving it effect.

If plaintiff had asked to be relieved of the agreement when he first learned of its effect upon his case, or even at any time before verdict and final judgment, the trial judge would have been authorized, if not required, to grant it, and his refusal would have been subject to review on appeal. 5 Tex.Jur. p. 454; 39 Tex.Jur. p. 309; Hancock v. Winans, 20 Tex. 320; Botts v. Martin, 44 Tex. 91; McClure v. Sheek's Heirs, 68 Tex. 426, 4 S.W. 552; Paschall v. Penry, 82 Tex. 673, 18 S.W. 154; Porter v. Holt, 73 Tex. 447, 11 S.W. 494; Chinn v. Taylor, 64 Tex. 385; Cullers v. Platt, 81 Tex. 258, 16 S.W. 1003; Kreis v. Kreis, Tex.Civ.App., 57 S.W.2d 1107; McMillan v. McMillan, Tex.Civ.App., 72 S.W.2d 611.

But plaintiff, with full knowledge, made no such request, sought no such relief, and the trial judge was thereby forced to direct a verdict for defendant, and, plaintiff still acquiescing, to render judgment in accordance with that verdict.

The judgment is affirmed.