## GARCIA v. GARZA.

No. 11080.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 21, 1942.

Rehearing Denied April 15, 1942.

Bismark Pope, of Laredo, and John A. Pope, Jr., of Rio Grande City, for appellant.

H. P. Guerra, Jr., of Rio Grande City, and J. T. Canales, of Brownsville, for appellee.

NORVELL, Justice.

This is an action of trespass to try title which involves a substantial boundary question. Appellant, M. M. Garcia, sought a recovery of title and possession of all of Surveys Nos. 566 and 918; the east 211 acres of Survey 565, and 44.9 acres out of Survey 884, all situated in Starr County, Texas. In addition to the statutory allegations, appellant also pleaded the five and ten year statutes of limitation, Articles 5509 and 5510, Vernon's Ann.Civ.Stats.

The defense of appellee, Domingo L. Garza, was in substance that the lands sued for were in fact within the boundaries of a senior survey owned by appellee, namely, Survey No. 565.

Issues upon the limitation feature of the case were submitted to the jury and all answered favorable to appellee with the exception of the one relating to the five year statute as applied to land described as lying in Survey No. 918. Judgment was rendered in favor of appellant for these lands, and against appellant insofar as the remaining tracts were concerned. Appellee does not attack that part of the judgment favorable to appellant.

We have examined appellant's points wherein it is asserted that because of the improper exclusion of proffered evidence and an improper argument of counsel, this cause should be reversed and remanded generally, but are of the opinion that these points are not well taken. There is no error shown with reference to the trial of the limitation issues.

We are, however, of the opinion that this cause should be reversed and remanded in part as it appears that the trial court's construction of the field notes of Survey No. 565 is affirmatively erroneous.

The patent (date: 1881) field notes of Survey 565 are as follows:

"Beginning at a Post, the S. E. cor. of Sur. No. 164 by Scrip No. 6 Alexander Crain Harris and Brooks on the Bdy. Sur. Porcion No. 86 formerly of the jurisdiction of Camargo.

"Thence with East Bdy. of sd. Sur. No. 164, N. 9¼° E. 1928 vrs. to Post on South Westerly line of Sur. No. 20 by Scrip No. 13/35 H. C. Davis. Thence with sd. line S. 31¾° E. at 644 vs. pass its S. cor. and 1594 vs. the S. cor. of Sur. No. 19 in the name of A. Moreno Assne. at 2829 vs. a square post the S. cor. of Sur. No. 3 Scrip No. 29/106 J. F. Degener. Thence N. 58¼° E. on Easterly bdy. said Sur. No. 3, 1090 to Post. Thence S 9¼° W. 892 vs. to a Post on N. bdy. of Porcion No. 89 for S. E. cor. hereof. Thence No. 80¾° W. 100 vs. to the N. W. Cor. Por. No. 89. Thence S. 9¼° W. 400 vs. to N. E. cor. Por. No. 88. Thence N. 80¾° W. 1300 vs. to its N. W. corner. Thence N. 9¼° E. 100 vs. to N. E. cor. Por. No. 87. Thence N. 80¾° W. 1050 vs. Thence N. 9¼° E. 685 vs. to N. E. cor. Por. No. 86; Thence N. 80¾° W. 230 vs. to the Beginning."

A plat shown with the recorded patent shows the supposed location of Survey No. 565 with reference to Porciones 86, 87, 88 (Spanish Jurisdiction of Camargo), and Surveys 164, 20, 19 and 3. Part of this plat follows:

In 1920, R. S. Dod, a licensed land surveyor, located the North boundary line of Porciones 86, 87 and 88, as well as other porciones in the vicinity, at a distance considerably south of the locations theretofore recognized, thus creating or recognizing a vacancy between said porciones and the surveys to the north.

We here set out part of a map prepared by J. H. May, a licensed surveyor, in 1935, and partially checked by him in 1937, which was introduced in evidence by appellee.

The double broken line is shown in red upon the original and was made by May during the course of the trial. May's sketch is apparently based upon Dod's work

For the sake of clarity, we have omitted a blue line drawn upon the map by May during the trial, but have indicated the beginning point of said line by an "x".

There was some evidence indicating that prior to 1900, Porcion No. 86 was generally believed to extend North to the point marked "x" which indicates the supposed corner thereof. The blue line drawn upon the original exhibit by May represents a proposed construction of Survey 565, using the point designated by the "x" as the beginning point and running the lines of the survey by calls for course and distance.

in the vicinity, although he testified that he was attempting to follow the original surveyor insofar as the south line of 565 was concerned. It appears probable that various posts and stakes found by May had been placed there by Dod. The broken line represents the construction of 565 as evidently adopted by the trial court.

This construction follows from starting at the Southeast corner of Survey No. 164 as located by May following Dod and running to a point in the boundary line of Survey 20, and then honoring calls for adjoinder over course and distance, in-

cluding adjoinders to the porciones as located by Dod. By so doing, the acreage contained in Survey No. 565 is increased from the 621⅓ acres called for in the patent to 2500 to 3000 acres according to May.

On the other hand, if May's location of the Southeast corner of Survey 164 be accepted and the calls of the patent reversed, the South boundary line of Survey No. 565 is established in the proximate position shown by the unbroken lines of the map, providing calls for adjoinder to the porciones are disregarded. Such a construction is permissible, particularly when the lines of a survey may be more definitely and satisfactorily located by such method. 7 Tex.Jur. 148, § 25.

Appellee contends that "the rule is well settled in this State that in locating land lines, in cases of conflicting calls the order of dignity and control is: (1) calls for natural objects; (2) calls for artificial objects; and, (3) calls for course and distance; and that calls for course and distance must, in case of conflict, yield to calls for natural or artificial objects."

██ "The primary purpose in all cases of the kind [involving boundaries] is to locate the survey as it was intended to be located on the ground by the original surveyor." Carter & Bro. v. Collins, Tex. Civ.App., 192 S.W. 316, 321, writ refused. The classification and grade of calls is a rule of evidence, and will not be arbitrarily applied in the construction of a survey to bring about a result obviously at variance with the intention of the original surveyor in locating the survey.

██ If Dod's re-location of the north boundary line of the porciones be considered correct, and the evidence indicates that it is now so accepted, it follows that the surveyor who prepared the field notes prior to 1881 for Survey 565 was mistaken as to the true location of the north boundary lines of the porciones, for the sketch accompanying the patent shows a common boundary line between Survey No. 565 and the porciones to the south. This is also apparent from the field notes of the Survey. The calls for adjoinder to the porciones should therefore be rejected under the rule stated in State v. Sullivan, 127 Tex. 525, 92 S.W.2d 228, 233, that "where the facts conclusively show that the surveyor through mistake or by conjecture called for the adjoinder, the call for adjoinder does not control over course and distance, even though the line or corner called for was marked. In such situation the call for adjoinder will be rejected, as inserted by mistake, and controlling effect given to course and distance from known and undisputed corners, when under the facts of the particular case such construction of the survey is 'most consistent with the intention to be derived from the entire description.' This method of construction by the rejection of a call for adjoinder inserted by mistake is most consistent with the true intention if its effect is to harmonize the other terms of the field notes and to disregard as few of the calls as possible." See also Stanolind Oil & Gas Co. v. State, 129 Tex. 547, 101 S.W.2d 801.

The error in appellee's theory of construction of Survey 565, which was apparently accepted by the trial court, is illustrated by the closing call of the patent field notes of the Survey, which is, "Thence (from N. E. Cor. Por. No. 86) N. 80¾° W. 230 vs to the beginning." The distance call of 230 varas becomes approximately 2500 varas for closure, according to the scale of May's map. The course call is changed from N. 80¾° W. 230 to one approaching due North. Certainly, it is unreasonable to assume a course and distance mistake of this magnitude and the conclusion is inescapable that the original surveyor of No. 565 never went to the Northeast corner of Porcion No. 86, as that point was established by Dod. State v. Sullivan, supra.

██ As the issue relating to the boundary questions involved are severable from those relating to claims under the real property statutes of limitations, that part of the judgment adverse to appellant will be reversed and a new trial ordered with reference to the boundary issues only. Rule 434, Texas Rules of Civil Procedure; Scott v. Molter, Tex.Civ.App., 119 S.W.2d 603.

That part of the judgment of the trial court awarding to appellant title and possession of certain lands described as being located in Survey No. 918 is affirmed. The remainder of said judgment is reversed and the cause remanded for the purpose only of determining the boundary issues involved, with directions to the trial court to ascertain the true location of the boundaries of the tracts of land involved in a manner not

inconsistent with this opinion, and enter judgment accordingly.

Affirmed in part, and in part remanded with directions.

## On Motion for Rehearing.

We are of the opinion that appellee's second assignment of error upon rehearing must be sustained. In our original opinion we stated that appellee's defense was, in substance, that the lands sued for were in fact within the boundaries of a senior survey owned by appellee, to-wit, Survey No. 565. We have come to the conclusion that the above statement is not strictly accurate insofar as the 44.9 acre tract out of Survey No. 884 is concerned, and that appellee was entitled to judgment for this tract even though it be assumed that it lies outside the boundaries of Survey No. 565.

 Appellee, as defendant below, disclaimed as to the four tracts of land described in appellant's petition, except as to the parts thereof which were included within three tracts, specifically described by metes and bounds in the answer, to which appellee asserted title and prayed for a judgment of title and possession. The first tract therein described is all of Survey No. 565, the field notes of which, if construed in the manner contended for by appellee and rejected by this Court in our original opinion, would include all of the lands sued for by appellant as well as the remaining two tracts described in the answer. The second tract described in the answer is the east 245.65 acres of Survey No. 565 lying east of what is known as the Kelsey fence. This tract is described by metes and bounds calling for artificial monuments and points in the Kelsey fence. The third tract described in the answer is a 44.88 acre tract described as being out of Survey No. 884. The field notes of this tract, as set forth in the answer describe the same tract as the fourth parcel of land set forth in appellant's petition. As to this tract, therefore, the appellant, as plaintiff below, assumed the burden of proving his title and can not rely upon the weakness of that of his adversary. Judgment was entered in favor of the appellee upon this issue. Appellant's claim of title to this tract under the statute of limitations was decided adversely to him. He does not by an appropriate point or assignment of error contend that he was entitled to judgment for this tract of land upon a showing of actual possession, under the well settled rule announced in Bankston v. Fagan, Tex.Civ. App., 64 S.W.2d 820, and other cases of similar import. Appellant did not show a title from the sovereignty of the soil, nor from a common source. He did introduce in evidence part of a judgment containing recitations to the effect that the court found that Domingo L. Garza (the appellee here) did not own the particular tract here involved but the same was owned by C. C. Bowman and G. A. Tanberg. Appellant also introduced in evidence another judgment wherein M. M. Garcia (appellant here) recovered the tract here involved from Eugene C. Bowman, E. W. Watts and the First National Bank of Harlingen. These two judgments were insufficient in themselves to establish title from a common source. Appellant introduced no further evidence upon this issue.

 The appellee testified upon the stand that he claimed this particular tract as a part of Survey No. 565, "and if it's not there, I don't claim it." This statement is not an unequivocal statement of disclaimer. Appellee was actually giving the basis of his claim, and even if that basis be unfounded, his statement could not be given effect as a disclaimer under Article 7385, Vernon's Ann.Civ.Stats., nor would it change the rule that a plaintiff must recover on the strength of his own title. As to the nature of a disclaimer in a trespass to try title action, see Herring v. Swain, 84 Tex. 523, 19 S.W. 774.

 We therefore conclude that there was no error in the trial court's judgment insofar as the lands in Survey No. 884 are concerned.

Appellee also suggests that the judgment should be affirmed as to the east 211 acres of Survey No. 565. It is asserted that the field notes of said tract set out in appellant's petition definitely locate said piece of land within Survey No. 565 owned by appellee. It appears probable that appellee is correct in his contention as to the actual location of this tract upon the ground. The description employed refers to and calls for an apparently well recognized artificial monument known as the "Kelsey fence." However, as we can not now determine the correct boundary lines of Surveys Nos. 565 and 566, nor the common line between them, if such there be, and as the cause must be remanded for the purpose

of determining said boundaries, we believe it expedient and advisable to remand the cause as to Survey No. 565 in its entirety.

There is no merit in appellee's contention, raised for the first time on motion for rehearing, that there is a fatal variance between the allegations of the petition and the proof insofar as Survey No. 566 is concerned. It does appear that there was a call omitted from the field notes of the patent as shown by the statement of facts. However, the original field notes of the survey, together with the surveyor's certificate thereto, were admitted in evidence without objection. While a different beginning point is designated in the field notes of the petition from the one employed in the original notes, the same tract of land is described.

The only issue left in the case is the true location of Surveys Nos. 565 and 566. All issues of adverse possession are disposed of. It appears that appellee is the owner of the senior survey, No. 565, and appellant the owner of the junior survey, No. 566. In view of another trial of this issue, we discuss briefly the point raised in the briefs concerning the burden of proof in cases of supposedly conflicting surveys. There is no presumption of conflict, that is, one who exhibits a title to a survey from the sovereignty or from a common source may recover without going further and showing that the surrounding surveys are junior to the one he claims, or, if they be senior, that there is no conflict between his survey and said adjoining senior surveys. When, however, evidence is submitted tending to show a conflict between a senior and a junior survey, the burden of proof as to the boundary issue thus raised rests upon him who claims under the junior survey. Howell v. Ellis, Tex.Civ. App., 201 S.W. 1022; Childress County Land & Cattle Co. v. Baker, 23 Tex.Civ. App. 451, 56 S.W. 756; 341 Tex.Jur. 281, § 202.

Appellant's motion for rehearing is granted in part and in part overruled. Our original order disposing of this appeal is modified so as to provide as follows:

That part of the judgment of the trial court awarding to appellant title and possession of certain lands described as being located in Survey No. 918 is affirmed, as is that part of the judgment awarding to appellee title and possession of the 44.9 acres out of Survey No. 884.

The remaining portion of the judgment (relating to Surveys Nos. 565 and 566) is reversed and the cause remanded for the purpose only of determining the boundary issues involved. The trial court is directed to determine whether or not there is a conflict between said surveys, and if such a conflict be found, then to determine the true boundary lines of said surveys. The trial court is further directed, after ascertaining the matters hereinabove set forth, to enter judgment for appellee for all lands within the boundaries of the senior survey No. 565, and to enter judgment for appellant for all lands within the boundaries of Survey No. 566, excepting such part of said survey as may also lie within the boundaries of the senior survey No. 565, in case a conflict be found.

On Appellant's Motion for Rehearing.

Appellant now contends that the fourth point contained in his original brief raises the contention that he was entitled to judgment for the 44.9 acres of land in Survey 884 under the doctrine of prior possession. The wording of the point hardly suggests the contention. It does however refer to an involved and multifarious ground for new trial set forth in the transcript, parts of which, when taken together with parts of the argument appearing in the brief under appellant's first, second, third and fourth points (grouped), could possibly be construed as presenting the contention. We can not say, however, that this method of raising a contention is proper or even sufficient. Wilson v. West, Tex.Civ.App., 149 S.W.2d 1026. We might, however, point out that the doctrine which permits an inference of title or ownership to be drawn from possession is a rule of evidence and not of property. No request was made for the submission of issues to the jury under such theory. As the doctrine of prior possession is an independent ground of recovery, it must therefore be considered waived unless established as a matter of law. Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 144 S.W.2d 993; Id., Tex.Sup., 160 S.W.2d 234.

We can not say as a matter of law that appellant's possession was such as necessarily raises a presumption of title. Canales v. Clopton, Tex.Civ.App., 145 S. W.2d 933.

Appellant's motion for rehearing is overruled.