**T. W. KINCHEON, Jr., Appellant,**

**v.**

**Lawrence KILLIAN et ux., Appellees.**

**No. 11757.**

Court of Civil Appeals of Texas, Austin.

May 20, 1970.

Harriet Samon Owen, Austin, for appellant.

Robert B. Thrasher and J. Hubert Lee, Austin, for appellees.

PHILLIPS, Chief Justice.

This suit was brought by Appellees in trespass to try title. Trial was to the Court, without a jury, and judgment was rendered for Appellees. In addition the Court made certain findings of fact and conclusions of law.[1] It is from this judgment that Appellant has perfected his appeal to this Court.

We reverse and remand the case for a new trial.

Appellant is before this Court on twenty points of error, seven of which are no evidence points with respect to Appellees having matured a title through adverse possession under the ten year statute (Tex. Rev.Stat.Ann. art. 5510) and seven of which are insufficient evidence points with respect to this same assertion. Inasmuch as we sustain Appellant's insufficient evidence points, we find it unnecessary to discuss Appellant's no evidence points and the remaining six points.

In 1956 Appellees bought a piece of property in Travis County comprising a fraction more than two acres with a house upon it and moved into possession. The property involved in this lawsuit is 7.16 acres adjacent thereto.

Appellees' testimony is that they burned trash on the 7.16 acres over a period of ten years, cut weeds, tended a few wild pecan trees, set out several bee hives, ran a water pipe onto the property, trimmed brush, repaired the fences and kept the gate to the property locked. They assert that in addition to these purported acts of continuous dominion, they drove their automobile through the property in question to reach their own property throughout this entire time. In addition, they claim that they ousted a surveyor that Appellant had sent to survey the 7.16 acres. The alleged ouster occurred in 1964.

Appellant presented testimony that there were no pecan trees on the property, very little evidence of trash having been burned and no evidence of repaired fences. In addition, Appellant presented evidence that Appellee's claim of adverse possession had never been communicated to anyone; that the claim, if any, was known only to Appellees. That they ousted the surveyor from "the easement" they had possibly acquired over the property in controversy.

As stated in Orsborn v. Deep Rock Oil Corp. et al., 153 Tex. 281, 267 S.W.2d 781

---

1. "FINDINGS OF FACT: 1. I find as a fact that Plaintiffs have had continuous possession of the property awarded to Plaintiffs for a period of more than ten years preceding the filing of this suit. In fact, Plaintiffs have enjoyed such possession since early 1956, and continuously to present time; 2. I find as a fact that Plaintiffs have cultivated, used and had the enjoyment of the property awarded to Plaintiffs since early 1956, to the present time continuously; 3. I find as a fact that Plaintiffs have held the property awarded to Plaintiffs under an adverse and hostile claim since early 1956, continuously to the present time; 4. I find as a fact that Plaintiffs have had exclusive dominion over the property awarded to Plaintiffs and have appropriated it to their own use since early 1956, continuously to the present time; 5. I find as a fact that the premises sued for and awarded Plaintiffs are clearly identified by the evidence; 6. I find as a fact that Plaintiffs have had peaceable and adverse possession of the property awarded to Plaintiffs since early 1956 continuously to the present time; 7. I find as a fact that none of Defendants had possession of the premises awarded to Plaintiffs, immediately prior to Plaintiffs entering upon the land and using the same in early 1956 and 8. I find as a fact that none of Defendants had a good chain of title from the sovereign to the premises awarded Plaintiffs.
CONCLUSIONS OF LAW: 1. I find that Plaintiffs have matured limitation title under the ten year statute, Article 5510 of the Revised Civil Statutes of Texas and therefore are entitled to title and possession of the property awarded to Plaintiffs."

(1954): The "'claim of right' is an essential element of adverse possession. * * * Claim of right must be manifested by declaration or by open or visible act. If there is no verbal assertion of claim to the land brought to the knowledge of the landowner, the adverse possession must be so open and notorious and manifested by such open or visible act or acts that knowledge on the part of the owner will be presumed."

We hold that, under the record before us, there is insufficient evidence on the part of the Appellees of adverse use of the 7.16 acres and that in the interest of justice, the case should be remanded for a new trial and a further and more complete development of the facts.

In reversing and remanding this case, we have considered Appellees' contention that Appellant's claim to record title is faulty in that the chain does not connect to the sovereignty of the soil and also that the land in question is not within the chain of title that Appellant offered in evidence; that, consequently Appellees should prevail under the doctrine of prior possession. We do not agree. Prior possession is a rule of evidence only, not a rule of estoppel or property and therefore is rebuttable. 56 Tex.Jur.2d, sec. 17, p. 91, Trespass to Try Title. To support a recovery in trespass to try title based on prior possession there must have been an actual, good faith occupation of the property by the party asserting the doctrine or his predecessors in interest. Garcia v. Garza, 161 S.W.2d 297 (Tex.Civ.App., San Antonio, 1942, no writ).

We hold that there is insufficient evidence that the nature of Appellees' possession was such as would have raised the necessary presumption.

The judgment of the trial court is reversed and remanded.

Reversed and remanded.