OPINION
JOE SPURLOCK, II, Justice.
This is an appeal from the trial court’s division of property in a divorce action. Mary Marlene Allen, appellant, contests the property settlement on the grounds that the trial court abused its discretion by mischaracterizing the separate and community nature of certain properties and by failing to reimburse her for improvements to the separate estate of Robert Wood Allen, appellee.
We affirm.
Appellant presents three points of error. In her first point of error, appellant claims that the trial court abused its discretion by classifying Marlene’s Beauty Salon and Cuttery, Inc., as community property. In her second point of error, appellant challenges the trial court’s classification of the KEOGH retirement plan as appellee’s separate property. In point of error number three, appellant asserts that the trial court abused its discretion by failing to reimburse appellant for payments of $10,000 of appellant’s separate property and $20,000 from the community estate used to make improvements on appellant’s farm, which is his separate property.
The parties were married on December 31, 1977 and ceased to live together in *603 October 1982. Appellee husband filed for divorce on January 20,1983 on the grounds of insupportability. Appellant wife subsequently cross-petitioned for divorce on the same grounds. Both parties claimed extensive separate property and made claims for reimbursement to their separate property and to the community estate. Both parties have their own business. The husband is a doctor and a partner in a medical clinic; the wife is a beautician and owns a beauty salon. At the time of the separation, there was also over $150,000 of real estate in the community estate and the husband owned a $200,000 farm. There were no children born to or adopted by the parties during their marriage; both parties, however, did have children from previous marriages. Both parties made claims for reimbursement to the community estate for money spent on the other's children during the parties’ marriage.
Prior to trial, stipulations signed by both parties were entered and approved by the trial court. In these stipulations, the parties agreed that certain property was to be considered the separate property of the respective spouse, subject to the right to claim for reimbursement. The trial was held before the court. The divorce decree was signed on September 12, 1984. The property settlement incorporated the stipulations and divided the remaining estate; all reimbursement claims were denied. There were no requests for findings of fact or conclusions of law.
In her first point of error, appellant claims that the trial court abused its discretion in treating “Marlene’s Beauty Salon and Cuttery, Inc.” as part of the community estate to be divided in the property settlement. Appellant admits that the beauty salon was incorporated during the period she was married to appellee, but she contends that this was an incorporation of her separate sole proprietorship, “Marlene’s Beauty Salon”. Appellant argues that the corporation’s inception of title was in the sole proprietorship because it was an incorporation of an “ongoing business”. Appellant presented evidence that the corporation was valued between $131,789 and $263,578 at the time of the parties separation. According to appellant, the inclusion of the corporation in the estate of the parties resulted in an unjust division of the estate. In dividing the community estate, the trial court did, however, award the corporation to appellant.
The characterization of marital property or community property is not a matter left to the discretion of the trial court, but is subject to the harmless error rule on appeal. Smith v. Smith, 620 S.W.2d 619, 625-26 (Tex.Civ.App.—Dallas 1981, no writ) (on rehearing); TEX.R. CIV.P. 434. Mere mischaracterization of property alone is not reversible as a matter of law; the mischaracterization must result in a manifestly unjust and unfair division of property. King v. King, 661 S.W.2d 252, 254 (Tex.App.—Houston [1st Dist.] 1983, no writ); Mundy v. Mundy, 653 S.W.2d 954, 957 (Tex.App.—Dallas 1983, no writ). It is not necessary, however, for us to determine whether there was harmful error in this case because appellant failed to meet her burden to show that the trial court erred in its treatment of the beauty salon as community property.
The starting point in the division of the marital estate is the characterization of the parties’ property as community or separate. Cooper v. Cooper, 513 S.W.2d 229, 232 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. TEX.FAM.CODE ANN. sec. 5.02 (Vernon 1975). In order to overcome this presumption, the party asserting separate ownership must clearly trace the original separate property into the particular assets on hand during the marriage. Cockerham v. Cockerham, 527 S.W.2d 162, 167 (Tex.1975). The degree of proof required to overcome this presumption requires that the proponent prove the separate character of the property by “clear and convincing” evidence or by “clear and satisfactory” evidence. Newland v. Newland, 529 S.W.2d *604 105, 107 (Tex.Civ.App.—Fort Worth 1975, writ dism’d).
“Marlene’s Beauty Salon” was a sole proprietorship and was owned and operated by appellant for about 17 years prior to August 21, 1978. On that date, a corporate charter was applied for under the name of “Marlene’s Beauty Salon and Cuttery, Inc.” by appellant. This act of incorporation occurred almost eight months after appellant’s marriage to appellee. The corporation required an initial capitalization of $1,000. There was no evidence to show that this money was funded from anything other than the community estate. All of the physical assets of the sole proprietorship “Marlene’s Beauty Salon” were retained in appellant’s name and rented by her to the corporation.[1] Appellant continued to operate the beauty salon in the same location it had been in for the previous six years although under the new corporate name. There was evidence that the management, employees, and clientele of the salon remained substantially the same following the incorporation. Appellant testified that her purpose in incorporating was to avoid having to purchase malpractice insurance.
The appellant’s principal argument is that because this incorporation was of an ongoing business, the actual inception of title occurred at the acquisition of the sole proprietorship and therefore the corporation should be characterized as appellant’s separate property. Appellant has not cited any authority for this “ongoing business” theory and we have not found any legal authority supporting this claim. Under Texas law, a corporation does not exist until the issuance of a certificate of incorporation. TEX.BUS.CORP.ACT ANN. art. 3.04 (Vernon 1980). It is undisputed that Marlene’s Beauty Salon and Cuttery, Inc. was not incorporated until after the parties had married. We hold there can be no title to a corporation until it actually exists; consequently, the inception of title doctrine can only be applied to a corporation as of the date of incorporation.
The approach of Texas courts in determining the separate or community character of a corporation formed during a marriage has been to require the parties to clearly trace the separate and community property assets that were contributed during the formation of the corporation. See Vallone v. Vallone, 644 S.W.2d 455, 457 (Tex.1982); Marriage of York, 613 S.W.2d 764, 769-70 (Tex.Civ.App.-Amarillo 1981, no writ). Corporations organized during marriage and capitalized entirely with traceable separate property of one spouse are characterized as the separate property of that spouse. Holloway v. Holloway, 671 S.W.2d 51, 56-57 (Tex.App.—Dallas 1983, writ dism’d).
Appellant in this case has failed to meet her burden to clearly trace her contribution of separate property in the formation of Marlene’s Beauty Salon and Cuttery, Inc. The $1,000 used to capitalize the corporation is community property under the community property presumption. TEX.FAM.CODE ANN. sec. 5.02 (Vernon 1975). Appellant did not contribute any tangible assets to the corporation; the corporation rented all business property, equipment and furniture from appellant. The only contribution of separate property that appellant seems to claim is that the corporation continued to do business in the same location, with the same employees and the same clientele. Appellant appears to be claiming that she contributed goodwill to the corporation. See Taormina v. Culicchia, 355 S.W.2d 569, 574 (Tex.Civ.App.—El Paso 1962, writ ref’d n.r.e.) (“Good will is generally understood to mean the advantages that accrue to a business on account of its name, location, reputation and success.”).
Although it is well established that goodwill is a property right which may be sold *605 or transferred, Nail v. Nail, 477 S.W.2d 395, 397 (Tex.Civ.App.—Fort Worth), rev’d on other grounds, 486 S.W.2d 761 (Tex.1972), appellant failed to meet her burden of clearly tracing this intangible asset as a contribution of her separate property to the corporation. While it is clear that the corporation took over the activities of appellant’s sole proprietorship, there was no evidence presented at trial concerning the value of the goodwill contributed by the appellant at the time of incorporation.[2]
Without this information, it is impossible for this court to trace the portion of the corporation created with appellant’s separate property. Consequently, appellant has not met her burden of proving that the corporation is her separate property. Point of error number one is overruled.
In point of error number two, appellant contends that the trial court erred in classifying the KEOGH retirement plan as appel-lee’s separate property. At trial, appellant presented evidence showing that the husband had contributed $5,976.47 to this fund prior to their marriage and that the balance on December 31, 1983 was $35,178.44. There was no evidence to show that the $29,201.97 in contributions made during the marriage was anything other than community funds. Appellant claims that the benefits of the KEOGH plan should have been apportioned based on the extent of the contribution of community funds and that failure to include this portion of the benefits in the estate of the parties resulted in an unjust property settlement.
It is apparent that the reason the trial court characterized the entire KEOGH plan as appellee’s separate property was because of certain stipulations entered by the parties. At the commencement of the trial, the parties introduced stipulations signed by the attorneys of both parties stating that “no further proof shall be required of the facts, matters and issues set forth.” This document includes a stipulation stating that “the following items of property are the sole and separate property of ROBERT WOOD ALLEN, Petitioner: ... (4) Keogh Retirement Plan.” The stipulations also provide that “[t]he above stipulations shall in no way prejudice the other party’s right to any claim for reimbursement regarding same.”[3] There were no objections during the trial by either party to any of the stipulations entered.
A stipulation upon which the trial court entered judgment is governing on appeal. Taylor v. Brewster County, 144 S.W.2d 314, 317 (Tex.Civ.App.—El Paso 1940, writ dism’d judgmt cor.). Setting aside a stipulation ordinarily is within the discretion of the trial court. Porter v. Holt, 73 Tex. 447, 449, 11 S.W. 494, 494 (1889); Thompson v. Graham, 318 S.W.2d 102, 105 (Tex.Civ.App.—Eastland 1958, writ ref’d n.r.e.). Stipulations may generally be received as judicial admissions in absence of allegations and proof of fraud, mistake or lack of authority. Thompson, 318 S.W.2d at 105. Good cause must be shown in order to set aside a stipulation. Evidence conflicting with agreed stipulations is not admissible until the contrary stipulation is nullified by consent or order of the court. Wilson v. West, 149 S.W.2d 1026, 1027 (Tex.Civ.App.—San Antonio 1941, writ dism’d judgmt cor.). Unless the party seeks relief from a stipulation that conflicts with evidence presented at trial, the trial court has no alternative but to exclude the conflicting evidence. Id. at 1027.
The appellant in this case failed to make any requests for relief from this stipulation at any time during the trial. When the *606 stipulations were presented to the trial court, no objections were made. When appellant introduced evidence concerning the KEOGH plan, there was no attempt to challenge the stipulation on any grounds. There is no evidence that the parties consented to a waiver of this stipulation. In her motion for new trial and her brief on appeal, appellant challenges the characterization of the KEOGH plan, but never mentions the stipulations concerning this property.
As there is no allegation or proof of fraud, mistake, lack of consent or other reason constituting good cause why the stipulations should have been withdrawn, and as the stipulations are unambiguous, the appellant has failed to show any abuse of discretion of the trial court in relying on the stipulations to determine the property settlement. See Westridge Villa Apts. v. Lakewood Bank & Trust Co., 438 S.W.2d 891, 895 (Tex.Civ.App.—Fort Worth 1969, writ ref’d n.r.e.). Appellate courts, as well as the trial court, must give effect to the stipulations of the parties so long as they were valid. Jeter v. Radcliff Finance Corp., 247 S.W.2d 186, 187 (Tex.Civ.App.—Galveston 1952, writ ref'd n.r.e.). Point of error number two is overruled.[4]
In her third point of error, appellant asserts that the trial court erred in failing to reimburse her for capital improvements made to appellee’s separate property farm. Appellant claims that $20,000 of community funds were spent to build two stock tanks on the husband’s farm and that $10,-000 of appellant’s separate property was used to make improvements to the house located on the farm property. Appellant also argues that the case should be remanded for redetermination of reimbursement because the effect of the mischarac-terization of property alleged by appellant in her first two points of error. It is not necessary for this court to address this last argument because this court has not found any mischaracterization of property by the trial court.
Where one spouse improves his or her separate property with funds belonging to the other spouse or the community estate, the other spouse is entitled to reimbursement out of the separate property of such spouse and the claim is in the nature of a charge on the property so improved. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, 627 (1935). The right of reimbursement is purely an equitable right that arises upon the dissolution of the marriage. Reimbursement of community or separate estate is not available as a matter of law but lies with the discretion of the court. Vallone, 644 S.W.2d at 458-59. The party claiming the right of reimbursement has the burden of pleading and proving that the expenditures and improvements were made and that they are reimbursable. Jensen v. Jensen, 665 S.W.2d 107, 110 (Tex.1984); Vallone, 644 S.W.2d at 459.
This court first addresses appellant’s claim for reimbursement to the community estate for the $20,000 used to build two stock tanks on the husband’s farm. The evidence shows that the first stock tank was dug in 1979 for $10,000 and that the second tank was built in 1980 at the same price. There is no dispute that these were improvements to the farm and there is evidence that the value of the farm increased during the marriage. The source of the $20,000 used in building these tanks was two bank loans taken out during the marriage. These loans constituted community credit and payments on the interest *607 and principal of these loans were made out of community funds during the course of the marriage.
The trial court, however, in its property settlement awarded remaining balances on both of these debts to the husband as his separate obligations. Consequently, appellant’s reimbursement claim is actually limited to the amount of community funds expended to pay the principal and interest on these loans during the years of marriage. The record does not contain precise figures on these payments because part of these loans was refinanced into a larger Federal Land Bank loan. Appellant presented no evidence on the exact amounts of community funds used to pay these loan obligations. Furthermore, in Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328, 334 (Tex.1943), the Texas Supreme Court held that interest paid during marriage out of community funds on prenuptial debts of either husband or wife on realty does not even create an equitable claim for reimbursement unless it is shown that expenditures by the community estate are greater than the benefits received. In this case, appellant received substantial benefits from her use and enjoyment of the farm during the marriage. Consequently, this court does not perceive any abuse of discretion by the trial court in denying the reimbursement claim of $20,000 to the community estate.
Appellant also claims to have invested $10,000 of her separate property in improving the house located at her husband’s farm. Both parties testified that this contribution was made in cash that appellant kept in her freezer,[5] but it is not clear how much of this cash had accumulated prior to the marriage. Appellee testified that the cash was used for house improvements, but appellant was unable to specify what farm items had been purchased with this cash.
Even if the evidence clearly established that the cash was entirely appellant’s separate property used solely for the purpose of improvements to the house, the appellant still has to establish that the trial court abused its discretion in failing to award the reimbursement. In this case, both parties pleaded and presented evidence on multiple claims for reimbursement involving community funds expended not only on the farm, but also on each party’s children from prior marriages and on improvements to appellant’s beauty salon. Where there are mutual claims for reimbursement between marital estates, one estate’s claim can be offset against the other’s claim. See Schecter v. Schecter, 579 S.W.2d 502, 505 (Tex.Civ.App.—Dallas 1978, no writ). Under these circumstances, this court cannot say that failure to grant reimbursement on these alleged improvements to the farmhouse was an abuse of discretion by the trial court. Appellant’s point of error number three is overruled.
Judgment affirmed.

. The building that houses the salon is appellant’s property and was characterized as her separate property by the trial court in the property settlement. The equipment and furnishings are also owned by appellant, but the trial court included this in the community estate. Appellant, however, does not contest the trial court’s disposition of the equipment and furnishings.

. This case is distinguishable from the line of cases that hold that goodwill of a professional practice which is attached to the person of the profession is not divisible as community property in a divorce proceeding. Nail v. Nail, 486 S.W.2d 761, 764 (Tex.1972); Austin v. Austin, 619 S.W.2d 290, 291 (Tex.Civ.App.-Austin 1981, no writ). There was no evidence in this case that any professional goodwill attached to the appellant as a result of confidence in her skill and ability.

. Appellant does not make any claim for reimbursement in this point of error, so we will only address the issue of the alleged mischaracterization of the KEOGH plan.

. Even if the trial court had erred in characterizing the KEOGH plan as separate property, the appellant failed to meet her burden of proving that the alleged mischaracterization resulted in a property division that was manifestly unjust. Mundy v. Mundy, 653 S.W.2d 954 (Tex.App.—Dallas 1983, no writ). Evidence was presented to the court concerning the extent of community funds contributed to the KEOGH plan and the trial court was able to consider this in making the property division. Though separate real or personal property may not be divided by the court in a property settlement, Cameron v. Cameron, 641 S.W.2d 210, 215 (Tex.1982), it is appropriate for the court to consider the extent of the separate estate of one spouse and its condition during marriage in making the appropriate disposition of the community assets and liabilities. Murff v. Murff, 615 S.W.2d 696, 699 (Tex.1981); Bell v. Bell, 513 S.W.2d 20, 22 (Tex.1974).

. The wife testified that she kept this cash in the freezer so that if the house burned down, the money would not be destroyed.