## THOMAS S. PAGE v. MICHAEL O'BRIEN AND JOHNSON KNIGHT.

RECOVERY IN EJECTMENT.—To entitle a plaintiff to recover in ejectment, he must show either a prior possession or a paper title.

RECOVERY IN EJECTMENT ON PRIOR POSSESSION.—If a plaintiff in ejectment relies on prior possession, he must show, not a mere scrambling possession, but a possession so clearly defined as to give him the exclusive dominion over the property.

GETTING POSSESSION OF LAND.—A man does not acquire possession of a piece of land upon which another has a house and is residing, and which the other is using for pasturage, by inclosing it with a fence.

BILL OF EXCEPTION ON EVIDENCE.—A bill of exception which says that a paper was *offered* in evidence, does not show that the paper was read in evidence.

PAPER TITLE IN EJECTMENT.—A plaintiff who relies on paper title in ejectment, must show that he acquired the title before the suit was commenced.

STATEMENT OF EVIDENCE IN BILL OF EXCEPTIONS.—A statement in a bill of exceptions that the plaintiff offered in evidence a deed to him and others, conveying the demanded premises to the parties therein named, according to their respective interests, does not show whether the deed conveyed the land to the parties as tenants in common or in severalty.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*William S. Wells,* for Appellant.

*M. A. Wheaton,* for Respondent.

By the Court, CROCKETT, J.:

The only question in this case is whether the Court properly granted a nonsuit. The action is to recover possession of a tract of land, which is a part of the Suscol Rancho, and the complaint is in the usual form. The answer contains, first, a general denial of the complaint; second, an averment that the defendants made settlements on the land under the laws of the United States, and by virtue thereof are entitled to the possession; third, adverse possession by one of the defendants for more than five years before the commencement of the action. It appears from the record that the plaintiff claimed title under a deed from M. G. Vallejo, made and recorded in 1851; but there was no proof of any prior possession or title in Vallejo. On the contrary, the proof shows that the land was not in any manner inclosed or cultivated until 1860 or 1861, at which time the plaintiff caused it to be inclosed and put some stock upon it. But the defendant was then residing on the tract, and his house was included within the plaintiff's fence; but shortly thereafter he voluntarily removed from within the inclosure to a point just outside of it, where he continued to reside. We infer from the testimony of the witness Stewart, who was the only witness examined on that point, that the defendant, after his removal, continued to pasture his cattle on the premises inside of the inclosure, and from time to time turned the plaintiff's cattle out. In answer to a question, he said, "he (the defendant) would not allow the plaintiff's stock to stay in there." In answer to the question, "Did he turn them out?" he replied, "Yes, sir." On cross examination, he testified "he (defendant) told me he would not leave them (plaintiff's cattle) in there; he told me he would put them out." This was the only proof of defendant's occupation at the time of the com-

mencement of the action, or of the plaintiff's possession. To entitle the plaintiff to recover, he must have established either a prior possession or a proper title. He did neither. When he inclosed the land the defendant was residing on it and using it for pasturage; and though he removed his residence from within the inclosure, he continued to exercise dominion over it, as he had done before. He continued to pasture his cattle there, and would not permit the plaintiff to use it for pasturage. Under these circumstances the plaintiff never acquired such a possession as to give him dominion over the premises, without which he could not maintain the action on the ground of prior possession alone. In such cases a mere scrambling possession is not sufficient. It must be a possession so clearly defined as to give him the exclusive dominion over the property; and the proof does not show that the plaintiff had such a possession of any part of the premises at any time before suit brought.

But the plaintiff claims to have established a valid paper title from the Government of the United States; and it appears from his bill of exceptions that he "offered a patent from the United States of America to Thomas S. Page and others, dated ————, purporting to convey the premises described in the complaint pursuant to the provisions of the Act of Congress approved March 3d, 1863, entitled 'An Act to grant the right of pre-emption to certain purchasers on the Suscol Rancho, in the State of California,' to the parties therein named, according to their respective interests, as purchasers from Vallejo or his assigns. Said patent also described the land as case No. —, in the report of the Register and Receiver, dated January 2d, 1865."

It does not appear that the patent was put in evidence, but only that it was "offered," and though it is probable this term was employed in the bill of exception as equivalent to the averment that it was put in evidence, we cannot but express our disapprobation of this loose mode of expression in detailing the history of the case. It leaves us in doubt

whether or not the patent was read in evidence. But if it was, it does not help the plaintiff's case, inasmuch as it does not appear from the record that it issued before the commencement of the action. The date of the patent is not given, nor have we any data from which it can be inferred that it issued before suit brought. If issued afterwards, it was too late to aid the plaintiff in this action. (*Kile* v. *Tubbs*, 32 Cal. 339.) Nor does it satisfactorily appear from the bill of exceptions that the particular tract in contest was conveyed by the patent *to the plaintiff*. The statement is that the patent is "to Thomas S. Page and others, dated ——," purporting to convey the premises described in the complaint pursuant to the provisions of the Act of Congress referred to etc., "to the parties therein named, *according to their respective interests, as purchasers* from Vallejo or his assigns." But whether it conveyed it to them as tenants in common or in severalty, does not appear.

Judgment affirmed, and remittitur ordered to issue forthwith.