**ADELS v. WILSON.**

(Court of Civil Appeals of Texas. Galveston. May 30, 1912.)

TRESPASS TO TRY TITLE (§ 44*)—DIRECTION OF VERDICT—EVIDENCE.

Where, in trespass to try title, the undisputed evidence was that, while the plaintiff was in possession through his tenants, the defendant entered upon and fenced the land in dispute, and there was no evidence to show a superior right in the defendant, the court properly instructed a verdict for plaintiff on the issue of prior possession.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 66; Dec. Dig. § 44.*]

Appeal from District Court, Harris County; J. A. Read, Special Judge.

Trespass to try title by H. T. D. Wilson against L. E. Adels. From a judgment for plaintiff on a directed verdict, defendant appeals. Affirmed.

Kennerly & Warnken, of Houston, for appellant. Fisher, Sears & Campbell, of Houston, for appellee.

McMEANS, J. Suit of trespass to try title, brought by H. T. D. Wilson against L. E. Adels to recover a tract of about 2 acres of land which the defendant, Adels, had entered upon and inclosed out of a tract of about 20 acres, a part of lot 3 of a subdivision of the Luke Moore survey in Harris county which Wilson claimed at that time. The case was tried before a jury and resulted in an instructed verdict in favor of plaintiff, upon which a judgment was accordingly entered for him for the land in controversy. From this judgment the defendant, Adels, has appealed.

By his first assignment of error appellant complains that "the court erred in instructing the jury to return a verdict for the plaintiff, because the question of prior possession of the said premises and the question of title by limitation through possession of the said premises was and is a question of fact which defendant was entitled to

have submitted to and passed upon by the jury, and the court was not authorized to take the case from the jury."

The evidence is undisputed that appellee, Wilson, bought the land in 1905 or 1906, and that, while he through his tenants was in possession thereof, the appellant, Adels, entered upon the land and fenced about two acres thereof to which he asserted claim. These facts, in the absence of evidence to show in defendant a superior right to the land, which he in fact did not show, clearly warranted the court in instructing a verdict for plaintiff, Wilson, on the issue of prior possession. Burroughs v. Farmer, 45 S. W. 846; House v. Reavis, 89 Tex. 630, 35 S. W. 1063; Duren v. Strong, 53 Tex. 381; Caplen v. Drew, 54 Tex. 495; Watkins v. Smith, 91 Tex. 591, 45 S. W. 560; Saxton v. Corbett, 122 S. W. 76; Adels v. Joseph, 148 S. W. 1154, recently decided by this court.

Appellant, in rebuttal of plaintiff's showing of prior possession, offered evidence to show that one Tom Harris entered upon the two acres of land in controversy about 42 years before the trial, lived upon, occupied, and used the same several years, and then died; that his surviving wife, Charity Harris, in person and through her tenants occupied the land thereafter for several years, the entire time of occupancy being about 18 or 20 years; and that in 1909 appellant bought the two acres from Tobe Hayes, who was Tom Harris' nephew.

In the case of Adels v. Joseph, above referred to, we discussed in detail similar facts to those here relied on in rebuttal of plaintiff's right to recover upon his prior possession, and there held that such facts were insufficient to overcome the presumption of plaintiff's ownership based upon his possession before and at the time of defendant's entry upon the land. We think it sufficient to refer to that case and the reasons therein given for overruling the contention of appellant presented here.

We have examined the other assignments presented by appellant in his brief and have concluded that they disclose no reversible error, and they are severally overruled.

We find no reversible error in the record, and the judgment of the court below is therefore affirmed.

Affirmed.