**Emeteria M. GARZA et al., Appellants,**

v.

**Manuela V. GARZA et al., Appellees.**

No. 13087.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 31, 1956.

Rehearing Denied Jan. 30, 1957.

John A. Pope, Jr., Rio Grande City, for appellants.

Magus F. Smith, McAllen, Frank R. Nye, Jr., Rio Grande City, Arnulfo Guerra,

Roma, Gerald Weatherly, Laredo, for appellees.

NORVELL, Justice.

This is an action of trespass to try title brought by appellants, Emeteria M. Garza and others, against Manuela V. Garza, a widow, and Rosendo Barrera and Felicitas Garza de Barrera, husband and wife, seeking the recovery of title and possession of a tract of land consisting of 80 acres in Porcion 70, ancient jurisdiction of Carmango and 228 acres in Porcion 78, ancient jurisdiction of Mier, now located in Starr County, Texas. Judgment for defendants below (appellees here) was rendered upon a jury's answers to three special issues. No record title in appellants was shown. They submitted their case to the jury upon the ten-year statute of limitations, Article 5510, Vernon's Tex.Civ. Stats., and the doctrine of "prior possession." By its answers to Special Issues Nos. 1 and 3, the jury held against appellants upon these theories. The jury also found for the appellees upon their plea of title under the ten-year statute (Special Issue No. 2). Cases are rare wherein the evidence suggests the submission of the ten-year statute on behalf of both the contesting parties, and, as might be expected, the testimony in this case is highly conflicting and contradictory.

■ We overrule appellants' contention that they established title under the ten-year statute as a matter of law. It is urged that such possession of the property as was held by appellees, particularly Felicitas Garza de Barrera, was an encroachment which would extend at most to the limits of actual physical occupancy. There is evidence in the record which indicated that the possession of Felicitas Garza de Barrera was much more than an encroachment. This directly contradicted appellants' testimony and accordingly it can not be said that appellants' title was established as a matter of law. 3B Tex.Jur. 449, § 939.

■ Appellees assert that as appellants (plaintiffs below) did not deraign title from the sovereignty of the soil nor establish a prior possession, their action must fail under the well-established rule that a plaintiff must recover upon the strength of his own title and not upon the weakness of his adversary's. Lindley v. Mowell, Tex. Civ.App., 232 S.W.2d 256. If appellees' position be correct, it is not necessary to discuss the sufficiency of the evidence to support appellees' claim under the ten-year statute. As above pointed out, the jury's finding upon the theory of "prior possession" was adverse to appellants.

■ As the usual thing, one who is in possession of land is the owner thereof, hence ownership is an inference which may be logically drawn from possession. While this inference has been afforded the dignity of a presumption by the law, it remains a mere rule of evidence and not a rule of property. Montgomery v. Wright, Tex. Civ.App., 268 S.W.2d 506; McCormick & Ray, Texas Law of Evidence (2d Ed.), § 110. The presumption may be rebutted by various means, i. e., by proving a title in some one other than the possessor or by showing a "prior possession," by the person claiming adverse to the present occupier. Other examples are given in the note to Bankston v. Fagan, Tex.Civ.App., 64 S.W. 2d 820, contained in 12 Tex. Law Review 523.

■ The rule of "prior possession" is one of good order and convenience. Upon proof of peaceable prior possession, the occupant of land is entitled to legal protection from the trespasser and claim jumper. "The policy of the rule is to prevent wild scrambles for possession." 16 Tex. Law Review 598. "The rule has generally been applied in a case wherein it is shown that the plaintiff, having been in possession of land, has been ousted by the defendant." 41A Tex.Jur. 540, Trespass to Try Title, § 26. However, the possession relied upon must be of such nature and quality as will reasonably support an inference of owner-

ship. Consequently, as the usual thing a jury question is involved, although there may be actual or imaginary fact situations from which reasonable minds could draw but one inference. Adels v. Wilson, Tex. Civ.App., 148 S.W. 1156, affords an example of a prior possession case in which an instructed verdict was upheld.

 The evidence of prior possession relied upon in this case by appellants is not of a conclusive nature. Intermittent possessions are suggested which extended only to small portions of the 308-acre tract involved. Witnesses speak of their "possession" or the "possession" of those under whom they claim, thereby suggesting larger tracts of land owned by tenants in common in which the actual "possessions" are somewhat indefinite and ill defined, and do not compel an inference of ownership as a matter of law. An adequate and frequently quoted statement of the rule as to the requisites of a possession to raise an inference of ownership is contained in Lynn v. Burnett, 34 Tex.Civ.App. 335, 79 S.W. 64, 66, viz.:

"It has several times been held in this state that proof of prior possession of land is prima facie evidence of title, and sufficient to warrant a recovery in trespass to try title against one entering without title. * * * Such possession must, of course, be actual, and must be so clearly defined as to give the claimant the exclusive dominion over the property. Page v. O'Brien, 36 Cal. 559. And before the judge is authorized to take the case from the jury the evidence must be conclusive, leaving no room for doubt as to the fact of actual possession. It is not enough that the evidence is without conflict in establishing the facts relied on to show actual possession, but these facts must themselves conclusively prove such possession. It is often the case that there is no dispute as to the circumstances offered in evidence to establish a given fact—

such, for instance, as residence or actual settlement—and yet the proper inference to be drawn from these facts involves a difference of opinion, and should be left in the first instance to the jury. The fact of actual possession belongs to this class."

See, also, Canales v. Clopton, Tex.Civ. App., 145 S.W.2d 933; Garcia v. Garza, Tex.Civ.App., 161 S.W.2d 297; Mortgage Land & Inv. Co. v. Spears, Tex.Civ.App., 162 S.W.2d 1015; 41A Tex.Jur. 538, Trespass to Try Title, § 26.

The judgment is affirmed.