**A. D. JOHNSON et ux., Appellants,**

v.

**Lon HILL, Appellee.**

**No. 6940.**

Court of Civil Appeals of Texas.

Texarkana.

March 28, 1957.

Howard Douglas, Quitman, for appellants.

Suiter & Suiter, Elizabeth Suiter, Winnsboro, for appellee.

DAVIS, Justice.

Plaintiffs-appellants filed suit in the District Court in a combined allegation of trespass to try title and boundary dispute. The area of land actually involved is alleged to be 3 x 239 x 6 x 237 feet, in the City of Winnsboro, Wood County, Texas. Defendant-appellee answered by general denial, plea of not guilty, special denial of ownership by appellants of the area of land involved, and the 5, 10 and 25 year statutes of limitation. Trial was to a jury and when appellants rested their case, appellee moved the court to instruct a verdict in his favor on the grounds that appellants had not proved their title, either from common source, or from the sovereignty of the soil; and, that the appellants had failed to prove the land on the ground, i. e., to identify the same with any degree of certainty. The motion was granted, hence the appeal.

**240**

Appellants contend that their suit was to recover possession of the alleged strip of land; to remove cloud from their title; and to locate the true boundary line between appellants and appellee.

Appellants bring forward five designated points of error. Their statements designated "third and fifth points" are but argument of the law and facts as contended by appellant, state no points of error, and are overruled.

By Points 1, 2 and 4, appellants complain of the action of the trial court in instructing the verdict against them, contending: (1) That the trial court held that this was a trespass to try title suit and not a boundary dispute; (2) that there were fact issues raised for the jury to pass upon; and (4) error of the trial court in holding that the appellants did not locate the land in question.

 Appellee challenges each point and contends that the appellants not only failed to prove their title, but also failed to locate the land upon the ground. Appellants do not contend that they proved a title from the sovereignty of the soil. Even had they located the land upon the ground, appellee having filed a plea of "not guilty," the motion for instructed verdict was proper. The surveyor, who testified for appellants, did not locate any permanent corner, line or landmark in surveying the alleged area of land. Therefore, the land was not located upon the ground. Appellants having failed to establish title in the face of a plea of not guilty, the trial court properly sustained the motion for instructed verdict.

In Tex.Jur., 251, Sec. 90, we find the following:

"In a boundary suit the plaintiff must recover upon the strength of his own title, and morever, the question of boundary does not become important, where the defendant has pleaded not guilty, until the plaintiff has shown title, for unless he does so the judgment must be for the defendant.

Again, to prevail in the action, the plaintiff must establish the boundaries as alleged by him. * * *"

See, also, authorities cited therein.

Appellants' points of error are overruled and the judgment of the trial court is affirmed.

CHADICK, Chief Justice (not participating).

Prior to elevation to this Court, as District Judge I participated in a trial of this case, prior to the trial from which this appeal is made. Because I took a position respecting the law of the case in the trial court, I feel that I should not now participate in this decision, and therefore have not, in any degree, even though I am not legally disqualified.