C. C. STORY, Appellant,

v.

W. C. STORY et ux., Appellees.

No. 7135.

Court of Civil Appeals of Texas.

Texarkana.

May 19, 1959.

Rehearing Denied June 16, 1959.

Goodrich & Neathery, Dallas, for appellant.

Sanders, Nolen, Dees & Stevenson, Virgil Sanders, Dallas, Balford Morrison, Irving, Bowyer, Thomas, Crozier & Harris, Bascom Thomas, Dallas, for appellees.

CHADICK, Chief Justice.

This is a trespass to try title suit. The judgment of the trial court is affirmed.

Appellant, C. C. Story, as plaintiff in the trial court sued as defendants his father, W. C. Story, and mother, Fanny Story, brother Raymond Story, and six sisters, Grace Watts and Ada Lee Million, both widows, and Leonore Munsu, Susie Gallemore, Mrs. Gus Brunson, Rose Clapp, joining the husbands of each, in a trespass to try title action involving approximately 77 acres of land in Dallas County, Texas, except two small tracts thereof which W. C. Story had deeded to him when he divided a part of the land among his eight children.

The action was in the statutory form, but included allegations invoking the 10-year statute of limitation in behalf of C. C. Story's title; and, in the alternative, the parol gift of such land to him by his father, W. C. Story. The defendants in the court below, appellees here, answered with special exceptions, a general denial, special denial of the parol gift and of limitation, and the plea of not guilty. Further, the appellees cross-acted, and appellees pled that W. C. Story inherited the land from his deceased parents, T. C. and Helen L. Story, and deceased brother, Ernest Story; alleging also a subsequent partition of the land among his children; and that he permitted appellant to occupy the land as a tenant; the prayer was for a take-nothing judgment to be rendered against C. C. Story and that title be quieted in W. C. Story and his grantees.

Issues made by the pleading and evidence were submitted to a jury and the jury found: (1) That W. C. Story did not

make a parol gift of the land in question to C. C. Story; (2) that C. C. Story had not held peaceable and adverse possession of the land in controversy for any period of 10 consecutive years prior to May 8, 1957, the date suit was instituted; and (3) that C. C. Story took possession of the land and used it but did not claim title to it as against the owner or owners.

Instruments were introduced in evidence purporting to vest title to the land in T. C. Story, father of W. C. Story and grandfather of appellant; proof was made of the death, intestate, of T. C. Story in 1900, and of his wife, Helen L. Story in 1925; and that W. C. and his brother, Ernest, were T. C. and Helen L. Story's only heirs. At the time C. C. Story took possession of the land in December, 1932, Ernest Story, his uncle, was living but died intestate in 1934 without having married. Additional facts necessary to render understandable the decision on the questions discussed will be stated as the occasion therefor arises.

Appellant grouped his first four points of error. The question for review raised by the points is whether it is error to adjudge title to be in W. C. Story and his grantees upon the pleadings and the jury finding. (The grantees are W. C. Story's eight children, including appellant.)

Appellant argues that the appellees sought affirmative relief by their cross-action and were in all respects thereunder plaintiffs suing him as a defendant in possession of the land. Arguing further, he says that appellees pled their title from the sovereignty of the soil but failed to prove a chain of title to that source. His argument runs that he was in peaceable possession and the appellees having failed to prove a title under their cross-action, a take-nothing judgment should be entered leaving him in possession of the land as his opponents failed to show a superior title.

■ Appellees failed to establish title in T. C. Story by a chain of title from the State of Texas to T. C. Story because one of the connecting links was an instrument excluded from evidence by the trial court upon objection of the appellant. However, this break in the chain of title becomes immaterial under the undisputed facts of this case. It may be conceded that appellees were as appellant contends, in the position of plaintiffs and appellant in the position of defendant in the cross-action. Appellant by his pleading and his own testimony was not in prior possession of the land. Appellant's pleading proceeded upon two theories: the first, that he had acquired title by the 10-year statute of limitation; and the second, that title was vested in him by parol gift from his father, W. C. Story. As a witness he testified that his father gave him the land in November and that he went into possession of it the following December, 1932. His claim of title and possession upon both theories of his case date and begin on or after November, 1932. The evidence is uniformly to the effect that appellant's father, W. C. Story, was in possession of the land before the appellant moved upon it in December, 1932. The jury's answers to the issues submitted preclude a judgment in appellant's favor upon either theory that he pled and the facts as just related show W. C. Story to have had possession of the land prior to appellant. In Humble Oil & Refining Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218, 219, wr. ref. it is said:

"* * * The different modes in which plaintiff may establish a prima facie case are stated in Keys v. Mason, 44 Tex. 140, and Watkins v. Smith, 91 Tex. 589, 45 S.W. 560, one of which modes is by showing that plaintiff, or one whose title he holds has had actual possession of the land prior in point of time to that of defendant. * * * the presumption of ownership arising from plaintiffs' prior possession is not, as contended by defendants, overcome by evidence merely showing a regular chain of title out of the state and into a third person. The evidence must go further and rebut the presumption

that plaintiffs have lawfully acquired and hold the title of such third person."

The law thus announced when applied to this case puts the burden upon appellant of overcoming the presumption that W. C. Story as the prior possessor of the land lawfully held title thereto. The record showing merely a regular chain of title out of the State and into a third person does not rebut the presumption that W. C. Story lawfully acquired the title of such third person. Appellant, C. C. Story, having failed to show prior possession to that of W. C. Story, no error is shown and his first four points are respectfully overruled.

Appellant's 5th point asserts as error the trial court's failure to award him judgment for an undivided ½ interest in the land on the basis of his adverse possession as against Ernest Story. The argument under this point is that appellant went into adverse possession as against Ernest Story in December, 1932, and that Ernest Story's death in 1934 did not toll the statute of limitation.

The jury's findings, which are not attacked in this appeal, would preclude such judgment but aside from the jury's verdict, there is evidence in the record that appellant and his wife both admitted seeking to buy the land from Ernest Story prior to his death. Appellant testified: "Right after we moved there, we had correspondence with Ernest concerning the property. We asked him about buying the property." There was other evidence, including a letter written by appellant's wife indicating that appellant freely recognized Ernest Story's ownership of the land during the time appellant was in possession prior to Ernest Story's death. The courts have frequently declared that the adverse nature of possession is terminated by an offer to purchase land from the owner. Houston Oil Co. of Texas v. Pullen, Tex. Com.App., 272 S.W. 439; Wier Lumber Co. v. Eaves, Tex.Com.App., 296 S.W. 481; see also, "Adverse Possession", 2 Tex.Jur.

135, 138, Secs. 70, 72. There is no showing that any notice of adverse claim or possession of the land by appellant after the offer was made was visited upon Ernest Story before his death. Appellant's Point 5 is overruled.

Appellant's remaining points are concerned with the ruling of the trial court upon evidence and with improper jury argument. Each of such points of error, the authorities cited, and the argument in connection therewith has been carefully considered and the conclusion reached that the points must be overruled.

Having found no error requiring a reversal of the trial court's judgment, it follows that it will be affirmed.