Mrs. R. E. L. STRINGFELLOW, Appellant,

v.

Dixie BROWN et al., Appellees.

No. 16023.

Court of Civil Appeals of Texas.

Fort Worth.

June 12, 1959.

1

Bass & Holder, and C. Wayne Holder, Freeport, for appellant.

Enlow, Kee & Thomas, Wiley Thomas and Leland B. Kee, Angleton, for appellees.

RENFRO, Justice.

The appellant, Mrs. R. E. L. Stringfellow, sued appellees, Dixie and P. M. Brown, Sr., in trespass to try title to Tract No. 286, Abst. 49, Sub. 14, consisting of 5 acres of land in Brazoria County. The land was crossed by State Highway No. 288. Appellant claimed title by reason of the 10 year statute of limitation, Vernon's Annotated Civil Statutes, art. 5510.

The following issues were submitted to the jury and answered as indicated:

Special Issue No. 1: "Do you find from a preponderance of the evidence that plaintiff has had peaceable, adverse and continuous possession of Tract Number 286 of the Brazos Coast Investment Company's Subdivision Number 14, Abstract 49, Brazoria County, Texas, using or enjoying the same for a period of ten years or more prior to the 30th day of August, A.D.1955?" Answer: "We do not."

Special Issue No. 2: "Do you find from a preponderance of the evidence that plaintiff has had peaceable, adverse and continuous possession of that portion of Tract Number 286 of the Brazos Coast Investment Company's Subdivision Number 14, Abstract 49, Brazoria County, Texas which is situated on the West Side of State Highway Number 288, using or enjoying the same for a period of ten or more years prior to the 30th day of August, A.D. 1955?" Answer: "We do not."

Special Issue No. 3: "Do you find from a preponderance of the evidence that the

plaintiff, Mrs. R. E. L. Stringfellow, during the year 1947, recognized that the property herein sued for by plaintiff, was then owned by John E. Maddux, defendant's predecessor in title?" Answer: "We do."

Special Issue No. 4: "Do you find from a preponderance of the evidence that the plaintiff, Mrs. R. E. L. Stringfellow, during the year 1955, and prior to the commencement of this suit, offered to purchase from the defendant Dixie Brown the tract and parcel of land herein sued for?" Answer: "We do."

The appellant concedes that the jury's answers concerning adverse possession are supported by the evidence, but insists the case should be reversed because (1) the court erred in not rendering judgment for appellant, at least as concerns the westerly portion of Tract No. 286, in that defendant Dixie Brown admitted appellant's prior possession, and appellees failed wholly to prove title in themselves; (2) there was no evidence to support issue No. 3; and (3) appellees' exhibits 10 and 12 through 38 were improperly admitted in evidence.

The land involved originally was owned by Brazos Coast Investment Company.

On April 2, 1909, Brazos Company issued to Jno. E. Maddix certificate No. 1976, agreeing to deliver through commissioners "a one-unit interest in all lots and lands applied and paid for * * * out of the original townsite survey of Velasco, Texas, and five acres of land out of 'Syndicate Land' * * * adjoining said Velasco Townsite."

The plat and dedication of Brazos Coast Investment Company was shown as Subdivision 14 and included Tract 286.

On August 30, 1909, Brazos Coast Investment Company conveyed to Carlos Bee, N. M. Vogelsang and A. E. Masterson a number of lots or tracts and referred to the land conveyed as being all the land described in a deed from Felix Jackson to Chas. J. Horn on April 1, 1908, and gave recordation of such deed. The deed did not specifically describe Tract 286 but did state it was for the purpose of conveying to Bee, Vogelsang and Masterson what is known as the "Velasco Town Lot and Five acre proposition." The Jackson to Horn deed was not introduced in evidence.

On August 31, 1909, Bee, Vogelsang and Masterson by warranty deed conveyed tract 286, the land in question, to John E. Maddix. On July 16, 1955, the heirs of John E. Maddux conveyed tract 286 to appellees, Dixie Brown and P. M. Brown, Sr. Affidavits and depositions identified John E. Maddix and John E. Maddux as one and the same person. The instant suit was filed by appellant, Mrs. Stringfellow, August 31, 1955.

Appellant insists that because of the failure of appellees to show conveyance from Brazos Coast Investment Company to Bee et al., they failed to prove title in themselves, and, accordingly, appellant having been in possession of the west portion, at least, of the tract, should have had judgment for such portion.

In an action of trespass to try title, plaintiff may recover by virtue of prior possession, without proof of title, where no title is shown in the defendant. Such proof, however, is but a rule of evidence and not of property, and may be rebutted. Lorino v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410. When the defendant shows affirmatively that the plaintiff has no title, and thus rebuts the presumption arising from his prior possession, it seems to be the law that the possession of the defendant, though he is a mere trespasser without any title, will not be disturbed. See Richardson v. Houston Oil Co. of Texas, Tex.Civ.App., 176 S.W. 628, cited with approval by the Supreme Court in Lund v. Doyno, 127 Tex. 19, 91 S.W.2d 315.

Appellant testified: she knew tract 286 once belonged to Brazos Company; she had never acquired title to said tract from said Company or any subsequent grantee

of the Company; her claim was strictly one of limitation; and concluded, "All I ever did to that tract (286) was keep it mowed." Appellant's witness Mikes testified he mowed the tract to protect appellant's fence and hedge on an adjoining tract from fire, that he mowed the entire tract to keep a nice appearance. As of the time appellant claimed to have taken possession the tract was fenced on three sides to separate it from two tracts owned by appellant and a third tract owned by another party. Appellant had a fence erected across the open end. The evidence is contradictory as to the date the fence was erected, varying from 1942 to 1950. Appellees introduced into evidence a sworn inventory of property dated April 11, 1947, in which appellant rendered the land in question as "Owner and Address: Maddix, John E., c/o Nannie M. Stringfellow Freeport, Texas." Introduced in evidence by appellant was a tax certificate issued by the Tax Assessor-Collector of Brazoria County showing taxes were paid on the property in question in 1945, 1946 and 1947 by John E. Maddix, c/o Nannie M. Stringfellow. After appellees bought the land from the Maddux heirs and before this suit was filed, appellant offered to pay Dixie Brown $3,500 for it.

■ The theory upon which a plaintiff in an action of trespass to try title, who has established prior possession, is permitted to recover against a trespasser is that such possession raises a presumption of ownership. The doctrine of a right to judgment for title and possession because of prior possession is a rule of evidence and not of property. It does no more than give rise to a presumption of ownership, and such presumption is rebutted by showing a lack of title in such person showing prior possession. His adversary is not required to show title in himself. Decuir v. Houseman, Tex.Civ.App., 310 S.W.2d 591; Garza v. Garza, Tex.Civ.App., 297 S.W.2d 874; Cariker v. Knox, Tex.Civ.App., 276 S.W.2d 365. In order to show herself entitled to judgment on the theory of prior possession

appellant was under the burden of showing that her possession was of such nature that reasonable minds could draw but one inference. The mere fact that appellant erected a fence across one end of the property would not in itself constitute actual possession thereof by appellant. The possession, to support the presumption that the possessor is the owner, must be actual. It must be so clearly defined as to give claimant the exclusive dominion over the property.

■ In our opinion the evidence was such as to clearly rebut the presumption of ownership in appellant and the court did not err in entering judgment for appellees.

■ Moreover, no request was made for the submission of issues on prior possession. As the doctrine of prior possession is an independent ground of recovery it must therefore be considered waived unless established as a matter of law. Garza v. Garza, supra. As already indicated, we cannot say, in view of the entire record, that appellant's possession was such as established prior possession as a matter of law.

■ The jury, on sufficient evidence, found that appellant during the year 1947 recognized the property as being owned by John E. Maddux. Her offer to buy the property from appellees is also a recognition of appellees' title, which was obtained by deed from John E. Maddux heirs. The appellant's recognition of appellees' title deprived her of any claim under the doctrine of prior possession. Cuniff v. Bernard Corporation, Tex.Civ.App., 94 S.W.2d 577.

■ Appellees' exhibit No. 10, to which appellant objected, was a certificate issued to John E. Maddix by Brazos Coast Investment Company on April 2, 1909. Exhibits 12 through 38 were tax receipts on the property in question issued to John E. Maddix yearly from 1910 through 1930 by the Tax Collector of Brazoria County. All

the instruments were obtained by appellees from their grantors. The only objection raised by appellant to the instruments was "an absence of showing from whom the people who gave these instruments to Mr. Brown obtained these instruments."

Since the instruments came from a proper custody and free of suspicion it was not necessary for the evidence to trace step by step the custody of the instruments from their purported dates.

The judgment is affirmed.