R. C. RILLING and Vera Rilling, Appellants,

v.

P. P. MUNOZ, Appellee.

No. 13716.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 23, 1961.

Rehearing Denied March 22, 1961.

John W. Claybrook, and Petry & Phair, Carrizo Springs, Frank N. Steinle, San Antonio, for appellants.

Urban Farrow, James C. House, Carrizo Springs, for appellee.

BARROW, Justice.

This is a suit in trespass to try title brought by P. P. Munoz against R. C. Rilling and Vera Rilling, husband and wife. The trial was to the court without a jury and judgment was rendered for plaintiff. The defendants have appealed.

The suit is for the title and possession of Lot No. 14 in Block No. 158, City of Asherton, Dimmit County, Texas. Plaintiff did not rely on common source, or title by limitations. Defendants did not attempt to establish title in themselves. They contend that they cannot be ousted by plaintiff, except upon proof of title in himself. The

parties will be referred to as plaintiff and defendants, as they were in the trial court.

Defendants first contend that there are three complete breaks in plaintiff's chain of title, and that by reason thereof plaintiff failed to show title in himself. It is elementary that plaintiff must rely on the strength of his own title and not on the weakness of that of his adversary.

The first four instruments offered by plaintiff in his chain of title constitute a regular chain of title to Survey No. 9, Block No. 1, H. & G. N. R. R. Co., containing 640 acres of land, among other lands in Dimmit County, Texas, from the sovereignty of the soil into Wm. Votaw. The next instrument is a deed from Mary J. Sayer (the deed recites, formerly Mary J. Votaw) joined by her husband, J. J. Sayer, to Asher Richardson, conveying the same land. The deed is dated January 26, 1898, and has been on record since February, 1898, therefore, being an ancient instrument, the recitals thereof may be received as evidence of the facts stated. McCormick and Ray, Texas Law of Evidence (2d Ed.), Sec. 1375. However, in this deed there is nothing to indicate that Mary J. Sayer acquired title to the land owned by William Votaw, or to show her relation, if any, to him. The record, therefore, fails to show that Mary J. Sayer acquired the title of William Votaw.

The next instrument in the chain of title is a map of the City of Asherton, Texas. From an examination of said map it is apparent that there is nothing to indicate that said town or any part thereof, particularly Lot 14 in Block 158, is out of or part of survey No. 9, Block No. 1, H. & G. N. R. R. Co. There is nothing in the record elsewhere to so show.

In the chain of title offered by plaintiff is a deed to F. P. Diggs, purporting to convey to him said Lot No. 14, in Block 158, City of Asherton. The next instrument is the deed purporting to convey said lot to plaintiff. This deed shows that it was executed and acknowledged by "Thelma Diggs, a widow," and the other grantors, "as sole heirs of Finley P. Diggs, deceased." It is dated March 15, 1960. There is no proof in this record as to when Finley P. Diggs died, or that he is in fact dead, or whether he died testate or intestate, or whether administration was granted or was necessary, nor are there any other facts in the record which would connect said grantors with the title to said lot.

Plaintiff argues that inasmuch as the defendants showed no title in themselves, that he is entitled to judgment because of prior possession of the property. That contention cannot be sustained. The evidence, viewed in the light most favorable to plaintiff, shows that after filing his deed he constructed a two-wire fence about 75 feet in length, part way along one side of the lot, that he set four posts for this fence. The evidence further shows that either that same night or early the next morning, defendant, R. C. Rilling, tore down the fence and commenced building a house on the lot. So far as this record shows, the lot remained otherwise unenclosed. This was plaintiff's only act which might show any attempt at possession. We regard this as insufficient as a matter of law.

There is no question but that proof of prior possession of land is prima facie evidence of title, and sufficient to warrant a recovery in trespass to try title against one entering without title, but such possession must be actual. It must be so clearly defined as to give the claimant the exclusive dominion over the property. Lockett v. Glen, Tex., 65 S.W. 482; Watkins v. Smith, 91 Tex. 589, 45 S.W. 560; Stringfellow v. Brown, Tex.Civ.App., 326 S.W.2d 1; Pettis v. Achille, Tex.Civ.App., 313 S.W.2d 348; Canales v. Clopton, Tex.Civ.App., 145 S.W.2d 933; Lynn v. Burnett, 34 Tex.Civ. App. 335, 79 S.W. 64. In Stringfellow v. Brown, supra, it was held that the mere fact that appellant erected a fence across one end of the property would not in itself constitute actual possession of the property by appellant.

**698**

We conclude that plaintiff failed to prove record title in himself, and also failed to prove prima facie title by prior possession, therefore, the judgment of the trial court must be reversed. However, we are of the opinion that the evidence was not fully developed, and that the ends of justice will be better subserved by a remand of the case for new trial.

The judgment of the trial court is reversed and the cause remanded.