Edward L. FLOWERS, Jr., Appellant,

v.

W. M. COLLINS et al., Appellees.

No. 10960.

Court of Civil Appeals of Texas.

Austin.

May 2, 1962.

Rehearing Denied May 23, 1962.

Franklin R. Navarro and B. Rice Aston, Houston, for appellant.

William F. Billings and Finklea & Finklea, Dallas, for appellees.

ARCHER, Chief Justice.

This suit was filed by W. M. Collins et al. against Edward L. Flowers, Jr. individually and as independent executor of the Estate of Mrs. Flora Collins, deceased, and Central National Bank of San Angelo to recover $10,000.00 being one half of a sum of $20,000.00 advanced to Flora Collins from trust funds by the bank to be used by Flora Collins to make a gift to Edward L. Flowers, Jr.

The answer of the bank was a general denial and that it acted in good faith in paying out the money.

Edward L. Flowers, Jr., individually and as independent executor, answered by way of denial and avoidance, plea of estoppel and good faith, limitation and further by cross action against the bank alleged negligence on the part of the bank in distributing the $20,000.00, and sought judgment for $10,000.00.

Trial was had without a jury and judgment was rendered in favor of the plaintiffs and against the defendant Flowers only for $10,000.00.

The appeal is from this judgment and is based on three points of error which are that the Court erred in rendering judgment because there was no evidence or the evidence was insufficient to support the judgment, and because the evidence showed the appellee's cause of action was barred by limitation.

Alex Collins died leaving community property and devised his one half to his wife, Flora Collins, in trust for life, with remainder to his living survivors, who are the appellees herein.

The will of Alex Collins contains a provision as follows:

"If at any time my wife, Mrs. Alex Collins, feels that she needs any additional sums of money for her personal use over and above the net revenues from my estate, or over and above the $6,000.00 for each calendar year in the event the net revenues do not reach the sum of $6,000.00, I direct that upon her request to the trustee, such trustee shall be authorized to pay over to her such additional moneys as she may feel that she needs for her personal use and the trustee is authorized to make sales from the corpus of my estate in order to raise such additional money."

On January 2, 1957, the bank, trustee, permitted Mrs. Collins to withdraw $20,000.00. There was no showing that Mrs. Collins had any need for this sum "for her personal use." On January 7, 1957, a check for $20,000.00 payable to Dr. E. L. Flowers, Jr., signed by Mrs. Collins was charged to her account.

Mrs. Flora Collins executed a will dated December 17, 1949 by the provisions of which Dr. Edward L. Flowers was made the principal beneficiary and independent executor and afterwards was appointed as such.

■ This case was tried before the Court without the aid of a jury and no request for findings of facts and conclusions of law were made and none given. If the judgment of the Court can be sustained upon any reasonable theory consistent with the record, it must be affirmed, and we believe that the evidence supports the judgment.

Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609; Rilling v. Munoz, Tex.

Civ.App., 344 S.W.2d 696, error ref., N.R.E.

There can be no question as to the withdrawal of the sum of $20,000.00 at a time when Mrs. Collins had on deposit $2628.30, a sufficient sum to meet her personal needs; nor can there be any question but that Dr. Flowers received $20,000.00 from Mrs. Collins. The defendant, Dr. Flowers, did not testify in the trial of this case, although he was present in San Angelo.

In the defendant's pleading he, by cross action, sought judgment against the trustee alleging negligence in distributing the $20,000.00 to Mrs. Collins as the proximate cause of his damages in the sum of $10,000.00 and inferentially admitting the receipt of the $20,000.00.

The only burden on the plaintiffs was to show that the $20,000.00 was not expended for the personal use of Mrs. Collins and this they did.

There are two letters from the trustee bank admitting the issuance of the $20,000.00 check to Mrs. Collins. A vice president and trust officer of the bank testified as to his conversations with Mrs. Collins about the withdrawal and as to her statement that she wanted to send it to her nephew Edward L. Flowers to pay a debt on his home.

Complaint is made by appellant that the admission of two letters written by an officer of the trustee bank concerning the withdrawal of the funds and the conversation had with Mrs. Collins was hearsay as to Flowers and violated Article 3716, Vernon's Ann.Civ.St., the Dead Man's Statute.

■ The officer of the bank testified before the letter was offered and subsequent thereto and no objection was timely made to such conversations or to the reading of the letter of October 23, 1957, but instead defendant's counsel stated that he had no objection to such letter and did not object to either of the letters dated October 16, 1957 and October 23, 1957 when re-offered in evidence with the check dated January 2, 1957, but objected to the check only, and thereby waived any possible objection to the letters. Further, in the letters, there were admissions against interest and as such are exceptions to the hearsay rule. The trustee's officer was an opposite party and Article 3716, supra, does not exclude testimony when such witness is called by the opposite party.

■ Appellees subpoenaed the original check or photocopy of the check from Mrs. Collins to Dr. Flowers and the bank failed to produce either the original check or a photocopy. Appellees having accounted for the non-production of the original or photocopy of the check were entitled to have the copy, apparently written out by the officer of trustee, by reference to a photocopy admitted in evidence.

Appellant contends that the two years statute of limitation barred appellees' suit based on a cause of action arising on January 2, 1957 when the trust funds were delivered to appellant.

■ Appellees take the position that there cause of action was not barred by limitation and we are in accord therewith. The date of the payment to Mrs. Collins by the trustee and subsequently to Dr. Flowers of the $20,000.00 was fixed as on or about January 2, 1957 and appellees first learned of such payment on October 4, 1957. Their suit was filed on July 3, 1959.

■ Limitation does not begin to run against the beneficiary of a trust for the enforcement thereof until the trust is repudiated by the trustee and knowledge or notice of such repudiation is acquired by the beneficiary.

Cole v. Noble, 63 Tex. 432; Hand v. Errington, Tex.Comm.App., Sec. A, 248 S.W. 25; Winkler v. Craven, Tex.Civ.App., 265 S.W.2d 191, error ref., N.R.E.

The judgment of the Trial Court is affirmed.

Affirmed.