Ray E. PLUMB, Jr., et ux., Appellants,

v.

E. E. STUESSY, Appellees.

No. 13120.

Court of Civil Appeals of Texas, Austin.

July 30, 1980.

Rehearing Denied Aug. 26, 1980.

William Pannill, Pannill, Hooper, Bennett
& Athey, Houston, for appellants.

Samuel D. McDaniel, Don W. Kothmann,
McDaniel & Travis, Austin, for appellee.

SMITH, Justice.

Appellants, Ray E. Plumb, Jr. and Jacquelyn Louise Plumb, brought this action in trespass to try title against appellee, E. E. Stuessy, in the district court of Burnet County. Appellee answered with the statutory pleading of "not guilty." Trial was had before the court without a jury. At the conclusion of appellants' evidence, the trial court granted appellee's motion for judgment vesting title and possession to the disputed land in appellee. It is from this judgment that appellants have perfected this appeal.

The land which was the subject of this suit was described in appellants' petition as:

"(1) Tract A—situated in Burnet County, Texas, and being a part of the P. D. Alexander Survey . . . containing 1.69 acres of land.

(2) Tract B—situated in Burnet County, Texas, and being a part of the E. Prewitt Survey . . . containing 3⅕ acres of land.

(3) Tract C—All land extending in an easterly and westerly direction from the property described in (Tract A) and (Tract B) above to the existing fence line on the easterly and westerly side of said tracts of property described above under (Tract A) and (Tract B)."

Tracts A and B were fully described in appellants' petition by metes and bounds. In December, 1975, appellants purchased a 2,887.2-acre tract of land in Burnet County. Included in this conveyance were Tracts A and B which connected the main body of land to U. S. Highway 183. A brief history of Tracts A and B makes more understandable the ensuing lawsuit.

Between 1899 and 1900, Tracts A and B were acquired by H. J. McGuire, as thirty-foot-wide strips of land that run roughly north and south for approximately a mile and one-half. The evidence shows that they were procured by McGuire to provide access to his ranch and that they are used today by appellants, as well as other persons, to provide access to U. S. Highway 183.

The controversy between the parties actually arose over the property described as Tract C. This tract is a "catch-all" tract that exists because a fence constructed to the east does not coincide with the eastern boundary of Tracts A and B, and a fence constructed to the west likewise does not coincide with the western boundary. At some points, the total distance between the fences is as much as ninety feet. The roadway in question extends beyond Tracts A and B and lies partly across Tract C. Parts of Tract C are claimed by appellee.

When appellants purchased their ranch, the roadway was only a rough, narrow caliche-based road with overhanging trees and brush. In 1976, appellants covered the existing roadway with a ten-foot-wide asphalt paving, installed culverts, and began to cut the overhanging trees and brush.

It was at this point that appellee, who owned the land on the west side of the fence, protested the destruction of trees which he asserted were on his property. Subsequently, appellee raised the question of moving the fences along the roadway to conform with the deeds to Tracts A and B. The parties attempted on several occasions to settle their dispute but, when negotiations broke down, this suit in trespass to try title was filed.

Appellants alleged in their petition that they had fee simple title to Tracts A, B and C. They claimed that Tracts A and B were held under a recorded deed and that all three tracts were held by virtue of the ten-year statute of limitations. It was further alleged that appellants' peaceful possession of their property was disturbed by appellee who dispossessed them by commencing the construction of a fence that would enclose a portion of all three tracts.

There is no contention made that appellants' petition did not adequately plead a statutory action in trespass to try title to all three tracts nor that appellee's plea of "not guilty" did not properly join the issues for trial.

Appellants, in their first point of error, complain that the trial court erroneously applied the standard of proof applicable to trespass to try title cases where title is in issue, rather than that applicable where only a boundary is in dispute. We disagree.

■ Boundary disputes may properly be tried by the statutory action of trespass to try title. *Stanolind Oil & Gas Co. v. State*, 136 Tex. 5, 133 S.W.2d 767 (1939). Where the pleadings and the evidence show a boundary dispute, it is unnecessary for the plaintiff to prove his superior title in the same manner as he would be required to do in an ordinary action in trespass to try title, *i. e.*, a superior title, a title from the sovereignty of the soil or a title from a common source. *Rocha v. Campos*, 574 S.W.2d 233 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Brown v. Eubank*, 378 S.W.2d 707 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.); *Lee v. Grupe*, 223 S.W.2d 548 (Tex.Civ.App.—Texarkana 1949, no writ).

■ However, it is equally settled that, in an action in trespass to try title, if the defendant pleads "not guilty," the plaintiff must show title before he can raise the issue of boundaries. *Greenlee v. Taylor*, 79 Tex. 149, 14 S.W. 1056 (1890); *Johnson v. Hill*, 301 S.W.2d 239 (Tex.Civ.App.—Texarkana 1957, no writ).

In *Greenlee v. Taylor, supra*, the Court stated the law very simply when it said, "The suit is trespass to try title, with plea of not guilty, and, before boundary questions can be important, plaintiff must show title, otherwise defendants will recover."

The cases that do not require the plaintiff to prove his title involve factual situations where the defendant, in his answer or by stipulation, admitted that the boundary was the only issue. In the present case, appellants chose to put their title to the three tracts of land in issue. Appellee made no admission of title in his answer but pleaded only the statutory "not guilty." Accordingly, the district court was correct in requiring appellants to prove their title before raising the issue of boundaries.

Appellants also allege error on the part of the trial court in granting appellee's motion for judgment, because, they contend, they established not only prior possession but title by adverse possession to the strip at issue.

■ In evaluating the evidence where trial is to the court and judgment for the defendant is granted at the conclusion of plaintiff's evidence, this Court must apply the same rule applicable in cases where the court instructs a verdict in a jury trial. *Eikel v. Bristow Corporation*, 529 S.W.2d 795 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). We must determine whether there is any evidence of probative force sufficient to raise fact issues on any material question. The evidence must be considered most favorably to the party against whom the verdict was rendered and all contrary evidence must be disregarded. *Henderson v. Travelers Insurance Co.*, 544 S.W.2d 649 (Tex.1976); *Schriewer v. Liedtke*, 561 S.W.2d 584 (Tex.Civ.App.—Beaumont 1978, writ dism'd).

■ With these rules in mind, we have carefully examined the record and have found no evidence sufficient to justify a trial court submitting any fact issue to a jury.

The record reflects that, although certain deeds were introduced which reflected the recorded title under which appellants were claiming Tracts A and B, there was no attempt made to connect appellants' title claim either to the sovereignty of the soil or to a common source.

■ To establish title by limitations under Tex.Rev.Civ.Stat.Ann. art. 5510 (1958), one who seeks to establish such title must affirmatively show: (1) possession of the land; (2) cultivation, use, or enjoyment thereof; (3) an adverse or hostile claim; and (4) an exclusive domination over the property and an appropriation of it for his

own use and benefit for the statutory period. *Ramirez v. Wood*, 577 S.W.2d 278 (Tex. Civ.App.—Corpus Christi 1978, no writ). The proof must show that the appropriation of the land is of such a character as to indicate unmistakably that it is an assertion of a claim of exclusive ownership in the occupant. *McDonnold v. Weinacht*, 465 S.W.2d 136 (Tex.1971); *Heard v. State*, 146 Tex. 139, 204 S.W.2d 344 (1947).

As to the issue of appropriation, appellants' witness, Titus Champlin, testified that he was acquainted with the strip of land in controversy since 1928, although he was not familiar with any facts concerning the disputed strip between the years 1969 and 1978. The fence on the east side was there when he first became familiar with the property, but the old fence on the west side was replaced by a new fence in 1969. The witness did not testify as to who had built the fences on either side.

Mr. Champlin further testified that the narrow roadway which occupied part of the strip of land was used by appellants' predecessors as shown by the deeds introduced in evidence, and by anyone else who chose to do so. The witness did not, however, testify as to the presence of any gates or cattle guards at either end of the strip during the period of his acquaintance.

Appellant, Ray E. Plumb, Jr., testified that, in addition to the persons connected with his ranch who used the road, other "people that have leased adjoining lands to ours that use it to and from the pasture." He testified further that some people use it daily for ingress and egress.

As to the land lying west of Tracts A and B, lying between these tracts and the fence, Plumb testified that he did not know of any use or claim by any person before him. He admitted that appellants had not farmed or grazed livestock on it but that they had bulldozed the brush and kept it mowed for about two years prior to the trial.

■ Appellants have cited us to no cases which hold that the construction and use of a roadway is such an activity that would satisfy the requirements of possession, use or enjoyment, adverse or hostile claim, or exclusive dominion so as to ripen into a limitation title. Under the facts of this case, we hold that it did not. *See : City of Dallas v. Etheridge*, 152 Tex. 9, 253 S.W.2d 640 (1952).

■ The fact that the disputed area was fenced off from the adjoining land belonging to appellee likewise does not work a limitation title in appellants' favor. The record reflects no evidence of any privity between appellants and whoever built the fences to the east or to the west of the land in dispute. It is well settled that fences built by strangers to enclose other lands do not inure to the benefit of adverse claimants. *McDonnold v. Weinacht, supra ; Vineyard v. Brundrett*, 42 S.W. 232 (Tex. Civ.App.—Galveston 1897, writ ref'd).

■ Generally speaking, adverse possession is an issue to be decided by the trier of facts. *See : White v. Daniel*, 391 S.W.2d 176 (Tex.Civ.App.—Beaumont 1965, writ ref'd n. r. e.). However, when the facts are undisputed, it becomes a question of law for the court to determine whether a limitation title has been shown to exist. *Whittle v. Johnston*, 392 S.W.2d 867 (Tex.Civ.App.— Texarkana 1965, writ ref'd n. r. e.); *Wortham v. Nevins*, 383 S.W.2d 467 (Tex.Civ. App.—Houston 1964, no writ).

We agree with the court below that the undisputed facts in the present case, considered in the light most favorable to appellants, fail to support any limitation title.

■ Appellants have failed to preserve on appeal the issue of whether they had demonstrated title by prior possession. This point was not urged before the trial court but was raised for the first time on appeal. Prior possession is an independent ground for recovery in a trespass to try title action and must be timely presented. As appellants failed to do so, the point is waived on this appeal. *See : Land v. Turner*, 377 S.W.2d 181 (Tex.1964); *Stringfellow v. Brown*, 326 S.W.2d 1 (Tex.Civ.App.—Fort Worth 1959, no writ).

■ Appellants have presented an additional point asserting that the trial court

erred in admitting into evidence their offer to compromise on the issue of adverse possession. We find this point to be without merit.

Elements of the offer to compromise were first introduced by the appellants when their witness, Donald Sherman, identified a surveyor's map of the disputed area. Drawn on the map was a line which appellants' witness had labeled "agreement line." As appellants had raised the issue by introducing the map, it was certainly not error for the court to allow appellee to further develop their side of the issue.

On cross-examination appellee showed that appellants had offered to buy the part of Tract C contiguous to appellee's land. This offer to purchase was admissible as evidence tending to show that appellants' offer to purchase any disputed land from appellee was a recognition by appellants of appellee's title during the limitation period. *Warren v. Frederichs*, 83 Tex. 380, 18 S.W. 750 (1892); *Story v. Story*, 325 S.W.2d 227 (Tex.Civ.App.—Texarkana 1959, writ ref'd n. r. e.).

Furthermore, it is apparent that this evidence could not have resulted in any harm to appellants as it could have been considered, if at all, only if appellants had presented a fact issue as to adverse possession. As both the trial court and this Court have held that no fact issue was raised by appellants, there could have been no consideration of the evidence complained of by appellants.

The judgment of the district court is affirmed.