Affirmed and Memorandum Opinion filed April 17, 2007








Affirmed and Memorandum Opinion filed April 17, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01052-CV

____________

 

THE CADLE COMPANY, Appellant

 

V.

 

LUIS SALAZAR, Appellee

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 03CV1576

 



 

M E M O R A N D U M   O P I N I O N

Appellant, the Cadle Company (ACadle@), purchased a
promissory note from Hibernia National Bank (AHibernia@) for which Luis
E. Salazar was liable.  After Salazar defaulted on the note, Cadle sued Salazar
for recovery.  Salazar responded that the statute of limitations had run and
therefore Cadle could not recover.  The trial court agreed with Salazar.  Cadle
appeals arguing that the trial court erred when it admitted Salazar=s testimony about
the contents of certain letters Hibernia allegedly sent him.  We affirm.








Luis Salazar, appellee, signed a promissory note for
$78,000 in December 1994, held by Hibernia National Bank.  The note called for
semi-annual payments.  Salazar did not make any payments on the note and,
according to his testimony, Hibernia accelerated his obligations under the note
in 1995.  In 1996, Cadle purchased the promissory note from Hibernia.  Cadle
sent demand letters to Salazar and initiated suit to recover on the note in
2003.

At the bench trial, the only dispute was whether Hibernia
accelerated the obligations under the note in 1995.  Both parties agreed that,
had the note been accelerated in 1995, the statute of limitations would have
run.  Cadle introduced testimony to the effect that the file on the note
contained no record of acceleration.  Salazar testified that he received
letters from Hibernia accelerating the obligations.  According to Salazar, he
could not produce the notes because his ex-wife allegedly had them in her
possession.  The trial court overruled appellant=s hearsay
objection and allowed Salazar to testify to the contents of the letters. 
Following testimony and brief argument, the trial court ruled in favor of
Salazar on the basis of limitations.

Cadle timely filed notice of appeal.  He contends in two
issues that the trial court abused its discretion in permitting Salazar to
testify to the contents of the letters and that, absent Salazar=s testimony, there
is no evidence on the issue of acceleration. 








The admission or exclusion of evidence is committed to the
trial court=s sound discretion.  Carone v. Retamco Operating,
Inc., 138 S.W.3d 1, 11 (Tex. App.CSan Antonio 2004,
pet. denied).  A trial court abuses its discretion when it acts without
reference to any guiding rules or principles.  Id.  An assignee of a
promissory note stands in the shoes of the assignor and obtains the rights,
title, and interest that the assignor had at the time of the assignment.  See
Lavender v. Bunch, No. 06‑06‑00074‑CV, ___ S.W.3d ____,
2007 WL 654276, at *3 (Tex. App.CTexarkana Mar. 6,
2007, no pet. h.) (citing Thweatt v. Jackson, 838 S.W.2d 725, 727 (Tex.
App.CAustin 1992), aff=d, 883 S.W.2d 171
(Tex. 1994)).  Cadle, as the assignee of the note, stood in the shoes of the
assignor, Hibernia, thereby taking Hibernia=s place with
regard to the acceleration letters Hibernia allegedly sent.  Those letters
contained statements by Hibernia and, by extension, Cadle; therefore, because
Salazar offered testimony regarding such statements against Cadle, a party
opponent, they were not hearsay.  See Tex.
R. Evid. 801(e)(2)(A) (AA statement is not hearsay if . . . [t]he
statement is offered against a party and is . . . the party=s own statement in
either an individual or representative capacity[.]@).  Thus, we
cannot say the trial court abused its discretion in admitting Salazar=s testimony.  See
Carone, 138 S.W.3d at 12 (holding that trial court did not abuse discretion
in admitting letters= contents because they constituted
admissions by party opponent under Rule 801(e)(2)(A) and thus were not
hearsay); see also Flowers v. Collins, 357 S.W.2d 179, 181 (Tex. Civ.
App.CAustin 1962, writ
dism=d) (holding that
trial court did not err in admitting letters written by trustee bank officer
concerning withdrawal of trust funds and conversation with beneficiary because
they constituted admissions against interest and thus fell under exception to
hearsay rule).  Accordingly, we overrule Cadle=s first issue.

Having found the trial court did not abuse its discretion
in admitting Salazar=s testimony, we need not reach Cadle=s second issue. 
The judgment of the trial court is affirmed.

 

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 17, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.